**EASTERN ENERGY, INC., Appellant,**

v.

**SBY PARTNERSHIP, Appellee.**[*]

**No. 01–87–0967–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 10, 1988.
Rehearing Denied April 28, 1988.

Morris C. Gore, Dallas, for appellant.

J. Bradley Smith, Vance, Burchez & Goss, Bryan, for appellee.

Before JACK SMITH, COHEN and HOYT, JJ.

[*] Published in part only.

**6**

*OPINION*

COHEN, Justice.

This is an accelerated appeal from a temporary injunction that prohibits the appellant from conducting operations in preparation for drilling pursuant to an oil and gas lease, on land owned by the appellee. The appellee sought the injunction when the appellant began to clear forest land and burn timber on the appellee's land a few days before the end of the primary term of the lease, without having paid the balance of the bonus payment due on the lease.

In its first point of error, the appellant contends that the temporary injunction is void and should be dissolved because the order does not contain a provision setting the case for trial on the merits, as required by Tex.R.Civ.P. 683. The appellee has since supplemented the transcript to. include an Amended Order Granting Temporary Injunction, signed by the trial court on January 11, 1988. The amended order contains a provision setting the case for trial on the merits for April 14, 1988. The appellant has filed a motion to dissolve this amended order.

Rule 43(d) of the Texas Rules of Appellate Procedure states that the trial court retains jurisdiction pending an appeal from an interlocutory order and may issue further orders in the cause. However, the rule further provides that the trial court "shall make no order granting substantially the same relief as that granted by the order appealed from, ... or any order that would interfere with or impair the effectiveness of any relief sought or granted on appeal." One apparent purpose of rule 43 is to prevent a trial court from interfering with the power of the appellate court to grant relief in interlocutory appeals. *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984) (construing rule 43's predecessor, former Tex.R.Civ.P. 385b(d)).

A trial court should not be allowed to frustrate a party's right to appellate review. However, that has not happened in this case. The amended order merely sets a trial date for a hearing on the permanent injunction, as required by Tex.R.Civ.P. 683. The appellant should not be able to complain both that the order is void because no trial date is set and also that a trial date has been set. The reason for requiring that a temporary injunction set a date for trial on the merits is to prevent the temporary injunction from becoming effectively permanent, without a trial having occurred. That purpose was accomplished here by the setting of the trial date. The trial court's amended order accomplishes the purpose of rule 683 by preventing the temporary injunction from becoming "permanent" while the appellant waits indefinitely for a trial on the merits. Moreover, it does not interfere with our power to grant relief on appeal.

It is unnecessary to vacate this injunction in order to protect either appellant's right to a speedy trial or to effective appellate review of the temporary injunction. We hold that neither Tex.R.Civ.P. 683 nor Tex.R.App.P. 43 requires reversal.

The first point of error is overruled. The appellant's motion to dissolve the amended temporary injunction is denied.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.Civ.P. 90, and is thus ordered not published.

The temporary injunction is affirmed.