**FINA OIL & CHEMICAL CO.,**
**et al., Appellants,**

v.

**Pedro ALONSO, et al., Appellees.**

**No. 13–96–373–CV.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 19, 1996.

Rehearing Overruled Feb. 13, 1997.

**288** ■ ▬▬▬▬▬▬

Orrin Harrison, III, Sheryl L. Hopkins, Vinson & Elkins, Dallas, J. Craig Youngblood, Catherine B. Smith, J. Harrell Feldt, Benjamin H. Sheppard, Jr., Guy S. Lipe,

Andrew McCollam, III, Vinson & Elkins, Houston, Edmundo O. Ramirez, Ellis, Koeneke & Ramirez, McAllen, Bradley C. Poulos, Cantey & Hanger, Fort Worth, J.G. Adami, Jr., Adami & Paisley, Alice, Reynaldo Ortiz, McAllen, Ralph H. Duggins, Mark David Beatty, Shayne D. Moses, C. Matthew Terrell, Cantey & Hanger, Fort Worth, Eduardo R. Rodriguez, Edward Michael Rodriguez, Rodriguez, Colvin & Chaney, Brownsville, for appellants.

Frank E. Weathered, Dunn & Weathered, Corpus Christi, Richard D. Sullivan, Scarromanno & Clegg, L.L.P., Houston, Dan C. Perry, Jon Christian Amberson, San Antonio, Francisco J. Rodriguez, Rodriguez, Prunedo, Tovar, Enriquez & Calvillo, McAllen, Edward G. Aparicio, Aparicio & McLaren, McAllen, Ronald O. Holman, Holman, Robertson, Eldridge, Dallas, Steven A. Fleckman, Fleckman & McGlynn, Austin, Calhoun Bobbitt, Bobbitt & Halter, Jack Paul Leon, San Antonio, for appellees.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and CHAVEZ, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a temporary injunction that was modified by the issuing court while this appeal was pending. The issue is whether the court could properly enjoin the appellants from filing other suits involving the same oil and gas leases at issue in the present case. We hold the injunction was proper and affirm.

The genesis of this appeal are three actions by royalty owners against the producers of various mineral leases filed in different district courts in Hidalgo County, Texas. It devolved into a struggle as to which of two district courts, the 139th or the 370th, would hear the cases. We conditionally granted mandamus in *Pedro Alonso et al. v. The Honorable Micaela Alvarez*, Number 13–96–319–CV, ordering the judge of the 139th District Court to sever and return related causes to the 370th District Court. We held that the two district courts could not, absent

agreement of the judges or parties, unilaterally transfer cases from one to another.

Consistent with our opinion, the judge of the 370th District Court modified his prior injunction, which prohibited the parties from attempting to interfere with the 370th's jurisdiction over these cases. Fina Oil & Chemical Company and other defendants appeal by seven points of error. Tenneco Oil Company and Tennessee Gas Pipeline Company raise eight points of error. We affirm.

### Procedural History

This case involves three lawsuits filed in three different district courts in Hidalgo County. In the first suit, Republic Royalty Company sued Shell Western E & P, Inc., et al., in the 139th District Court.[1] In the second suit, Pedro Alonso, Jr., et al., sued Fina Oil & Chemical Company, et al., in the 370th District Court. In the third suit, Pedro Alonso, Jr., et al., sued Shell Oil Company, et al., in the 93rd District Court of Hidalgo County.[2] All three actions involved the computation of royalties under mineral leases in lands in Hidalgo County, Texas.

The plaintiffs in the three suits filed a motion to consolidate in the 370th District Court, and Judge Noe Gonzalez, the presiding judge of that court, granted the motion. This order transferred and consolidated the three lawsuits into one suit in his court.

On June 21, 1996, the defendants filed a motion to transfer in the 139th District Court, requesting that Judge Alvarez transfer the consolidated cases from the 370th District Court to her court. The plaintiffs responded and moved for a temporary restraining order and injunction in the 370th District Court, seeking to enjoin the defendants and their attorneys from presenting, appearing at, offering evidence at, or attending the motion for transfer set for June 28, 1996 before Judge Alvarez. Judge Gonzalez signed the TRO on June 27, 1996. On that same day, Judge Alvarez signed an order of transfer which transferred the consolidated cases to the 139th District Court.

The Alonso plaintiffs then sought mandamus relief against Judge Alvarez complaining of her transfer order. We granted leave to file and eventually conditionally granted relief, and in doing so held that neither court had authority to interfere in the cases assigned to the other absent agreement.

While the mandamus was pending, Judge Gonzalez granted a temporary injunction that prevented the defendants from: 1) presenting, appearing at, offering evidence at, or attending any hearing regarding Consolidated Cause No. C–2016–95–G before Judge Alvarez; 2) requesting, filing, appearing at, or offering evidence at any hearing on any motion including but not limited to motions to transfer, sever, or consolidate any matters in Consolidated Cause No. C–2016–95–G pending in the 370th District Court whether or not the cause number is styled as the consolidated cause number or appears as Cause Nos. C–3299–95–B or C–5771–94–C in any other Texas district court or before any other judge in Hidalgo County purporting to sit in and for the 370th District Court without the prior written consent of Judge Noe Gonzalez; 3) or filing any additional suit in any Texas district court against any of the parties in Cause No. C–2016–95–G (whether styled under the consolidated cause number or under Cause Nos. C–3299–95–B or C–5771–94–C) involving any matters concerning the four leases which are the subject of the litigation in Cause No. C–2016–95–G.

In the *Alonso* mandamus, we held that Judge Gonzalez's transfer of the Republic Royalty case from the 139th to the 370th District Court amounted to an abuse of discretion. Accordingly, we concluded that Judge Alvarez was justified in transferring the consolidated suit back to her court in order to correct the abuse. However, she should have retained only the lawsuit originally filed in her court. We stated that in the absence of agreement between the parties or the two courts competing for jurisdiction over the cases, the present lawsuits must remain in the courts in which they were originally filed. We conditionally granted a writ of mandamus directing Judge Alvarez to

---

1. Cause No. C–5771–94–C, filed December 8, 1994.

2. Cause No. C–3299–95–B, filed July 11, 1995.

sever and return to the 370th District Court the lawsuits that were not originally filed in the 139th District Court. We issued this opinion on August 29, 1996.

In response to our opinion and the defendant's motion to dissolve his injunction, Judge Gonzalez modified his injunction omitting any prohibitions as to the *Republic Royalty* suit pending in the 139th.. The court also ordered the temporary injunction to remain in effect as to the Alonso cases, which had been transferred back to his 370th District Court. It is this modified injunction that is the subject of this appeal.

### Discussion

By points one and two, Fina asserts that the 370th District Court erred and abused its discretion in hearing a request for and granting injunctive relief in the face of a valid transfer order which transferred jurisdiction over the parties and the consolidated cases to the 139th District Court. Fina argues that Judge Alvarez's transfer order signed on June 27, 1996 transferred the consolidated cases from the 370th District Court to the 139th District Court. The transfer divested the 370th of its jurisdiction over the parties or the consolidated cases at the time Judge Gonzalez signed the Original Injunction on July 10, 1996.

■ The court in which suit was first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974). In the instant case, Republic filed the first suit in the 139th District Court; therefore, that court had dominant jurisdiction. *See Curtis*, 511 S.W.2d at 267. The principle of dominant jurisdiction in the first court dictates that no one transfer the case arbitrarily after random assignment to a particular court. *Republic Royalty Co. v. Evins*, 931 S.W.2d 338, 342 (Tex.App.—Corpus Christi, n.w.h.).

■ On June 27, 1996, Judge Alvarez signed the order transferring the consolidated cases to the 139th District Court. When Judge Gonzalez signed the Original Injunction on July 10, 1996, the consolidated cases were no longer in his court. Therefore, he did not have jurisdiction to enter that order.

However, when Judge Alvarez severed and returned the Alonso cases to the 370th District Court, Judge Gonzalez acquired dominant jurisdiction over them. Accordingly, he had jurisdiction to issue the Modified Injunction on October 1, 1996. This appeal concerns the Modified Injunction order. We overrule points one and two.

By points three through seven, Fina asserts that the trial court erred and abused its discretion by issuing the anti-suit injunction. By eight points of error, Tenneco Oil Company and Tennessee Gas Pipeline Company assert that the trial court erred in granting the injunction.

■ Texas state courts have the power to restrain persons from proceeding with suits filed in other courts of this state. The general rule is that when a suit is filed in a court of competent jurisdiction, that court is entitled to proceed to judgment and may protect its jurisdiction by enjoining the parties to a suit subsequently filed in another court of this state. *Gannon v. Payne*, 706 S.W.2d 304, 305–06 (Tex.1986). In *Golden Rule Ins. Co. v. Harper*, 925 S.W.2d 649 (Tex.1996) (per curiam), the supreme court stated that an anti-suit injunction is appropriate in four instances: 1) to address a threat to the court's jurisdiction; 2) to prevent the evasion of important public policy; 3) to prevent a multiplicity of suits; or 4) to protect a party from vexatious or harassing litigation. *Harper*, 925 S.W.2d at 651; *Gannon*, 706 S.W.2d at 307.

■ Generally, a temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex.1993). The decision to grant or deny a temporary writ of injunction lies in the trial court's sound discretion, and the court's grant or denial is subject to reversal only for a clear abuse of discretion. *Walling*, 863 S.W.2d at 58; *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984).

The Texas Supreme Court has stated that a court may protect its jurisdiction by injunction when there is no adequate remedy available and when special circumstances justify the injunction. *Ex parte Browne*, 543 S.W.2d 82, 85 (Tex.1976).

■ Judge Gonzalez properly granted the anti-suit injunction in order to address a threat to his jurisdiction and to control his docket. The Modified Injunction dissolved that part of the Original Injunction which pertained to the Republic suit pending in the 139th District Court. It also provided that the Original Injunction shall remain in full force and effect with regard to the Alonso cases transferred back to the 370th District Court. What remained of the Original Injunction is: 1) the defendants could not request, file, appear at, or offer evidence at any hearing on any motion in any Texas district court or before any other judge in Hidalgo County purporting to sit in and for the 370th District Court, unless they obtained Judge Noe Gonzalez's prior written consent; and 2) the defendants could not file any additional suit in any Texas district court against any of the parties in Cause No. C–2016–95–G involving any matters concerning the four leases which are the subject of the litigation in Cause No. C–2016–95–G. This order did not enjoin Fina from any proceedings in Cause No. 95–049814 in the 133rd District Court of Harris County other than the filing of any motion to remove the cases in consolidated Cause No. C–2016–95–G from the 370th District Court.

The plaintiffs had no adequate remedy in the event the defendants tried to interfere with Judge Gonzalez's jurisdiction over the Alonso suits. Moreover, special circumstances justified Judge Gonzalez's injunction pertaining to the Alonso suits. In the Original Injunction, Judge Gonzalez found that, unless the defendants were enjoined, the plaintiffs would suffer immediate, irreparable injury and harm from

(i) the vexatious and harassing motions filed by the Defendants creating hearings on issues which Defendants Motion for Leave to file Mandamus has already been denied[3], (ii) the loss of funds and time expended in useless, duplicative and repetitive hearings which will substantially and materially affect the ability of Plaintiffs to conduct normal business and to prepare their case on the merits, (iii) the actions,

motions and pleadings of Defendants to create a deadlock in this litigation causing a conflict between district courts which prevents Plaintiffs from going forward on the merits. The Court further finds that the Motion for Transfer filed by the Defendants and any acts to sever, consolidate or transfer by addressing those motions to a judge other than the presiding judge of the 370th Judicial District Court without good cause constitutes a bad faith filing for the purposes of rehearing actions which have already been decided by this Court for the purpose of harassing and causing the Plaintiffs needless expense and delaying the proceedings in this litigation; and that such actions are an improper attempt at an appeal of this Court's orders and are a direct interference with this Court's jurisdiction to proceed to trial. These actions create deadlock and impair the judicial system from functioning properly denying Movants their rights to proceed in the deadlock circumstances. The Court finds that this injunction is supported by the actions taken by the Defendants in filing their motions in this and other courts and by their arguments before this Court and other courts.

The restrictions which the 370th District Court placed upon the defendants are a legitimate method for the court to protect its jurisdiction and to control its docket. We hold that the court did not clearly abuse its discretion by issuing the Modified Injunction. *Harper*, 925 S.W.2d at 651; *Walling*, 863 S.W.2d at 58. We overrule the points of error.

We AFFIRM the trial court's Modified Injunction signed on October 1, 1996.

---

**3.** On June 11, 1996, the defendants filed a motion for leave to file a petition for writ of mandamus challenging Judge Gonzalez's consolidation order. This court denied leave to file.