NUMBER 13-99-793-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


BLUE CROSS BLUE SHIELD OF TEXAS
, Appellant,


v.



XAVIER AND IRENE DUENEZ, INDIVIDUALLY

AND AS NEXT FRIENDS OF

ASHLEY DUENEZ, A MINOR
, Appellees.

___________________________________________________________________


On appeal from County Court at Law No. 1


of Calhoun County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Justice Rodriguez



 Blue Cross and Blue Shield of Texas, appellant, brings this
interlocutory appeal from an order granting a temporary injunction.(1) By
four issues, appellant urges that we dissolve two temporary injunction
orders. We affirm.

 The underlying case involves the issue of whether skilled private
nursing is covered under a benefits plan administered by appellant. 
Ashley Duenez, a young girl, suffered severe injuries and was left in a
semi-vegetative state after a drunk driver collided with a vehicle in
which she was a passenger. According to a federal court injunction
issued in 1998, Ashley's father had benefits under an ERISA plan
administered by Principal Health Care of Texas, Inc (Principal), a health
maintenance organization.(2) Skilled nursing care was initially provided
to Ashley under this plan. At some point thereafter, benefits were
administered by appellant on behalf of the Employees Retirement
System of Texas (ERS). According to appellees, on October 15, 1999,
appellees were informed that appellants were terminating Ashley's
nursing coverage. On that date, Ashley's parents, Xavier and Irene
Duenez, individually and as next of friends of Ashley, appellees, filed a
petition for declaratory judgment and permanent injunction seeking a
declaration that private duty nursing was a covered benefit for Ashley. 
The petition also requested a temporary restraining order and a
preliminary injunction ordering appellant to refrain from terminating
private duty nursing coverage. Appellees additionally filed a motion for
temporary restraining order and a motion for preliminary injunction. 
The trial court granted an ex parte temporary restraining order on
October 15, 1999, prohibiting appellant from terminating coverage of
private duty nursing care for Ashley, and scheduled a hearing to
determine whether the temporary restraining order should be made into
a temporary injunction. On November 10, 1999, after a hearing, the
trial court issued a temporary injunction enjoining appellant from, inter
alia, ceasing to provide private duty nursing care. The temporary
injunction order did not set a date for trial on the merits. The order
required appellees to post a $2,000 bond. 

 Appellant filed a notice of appeal on November 30, 1999, and on
December 13, 1999, the trial court signed an amended temporary
injunction order that was substantively the same as the November 10
order, but which set a date for trial on the merits. This interlocutory
appeal ensued. 

 By its third issue, appellant complains the trial court erred when
it admitted deposition testimony from other cases during the hearing on
whether the temporary restraining order should be made a temporary
injunction. 

 A trial court's decision to grant or deny a temporary writ of
injunction is reviewed under an abuse of discretion standard. State v.
Walker, 679 S.W.2d 484, 485 (Tex.1984); Fina Oil & Chemical Co. v.
Alonso, 941 S.W.2d 287, 290 (Tex. App.--Corpus Christi 1996, no writ). 
A trial court abuses its discretion when it acts arbitrarily and
unreasonably, without reference to guiding rules or principles, or
misapplies the law to the established facts of the case. Tenet Health
Ltd. v. Zamora, 13 S.W.3d 464, 469 (Tex. App.--Corpus Christi 2000,
pet. dism'd w.o.j.) (citing Donner v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985)).

 During the hearing in this case, counsel for appellant objected on
the basis of hearsay to the admission of two depositions taken in
different causes, both involving appellees. Counsel for appellees
responded that the depositions were admissible under rule 804 of the
Texas Rules of Evidence. 

 "Hearsay" is defined as an out-of-court statement offered to prove
the truth of the matter asserted. Tex. R. Evid. 801(d). Hearsay is
inadmissible unless 1) it can be classified as non-hearsay under rule
801(e) of the Texas Rules of Evidence or 2) it falls within an exception
recognized by law. Tex. R. Evid. 802; Brown v. Hopkins, 921 S.W.2d
306, 312 (Tex. App.--Corpus Christi 1996, no writ). Rule 804(b)(1)
provides a hearsay exception in civil cases for "testimony given as a
witness at another hearing of the same or a different proceeding, or in
a deposition taken in the course of another proceeding, if the party
against whom the testimony is now offered, or a person with a similar
interest had an opportunity and similar motive to develop the testimony
by direct, cross, or redirect examination." Tex. Rule Evid. 804(b)(1). 

 On appeal, appellant contends this exception is inapplicable
because appellees failed to show that the witnesses were unavailable
and that a person with a similar interest as appellant had an
opportunity to develop the testimony. Preservation of error requires a
timely objection that states the grounds for the ruling sought with
sufficient specificity to make the trial court aware of the complaint,
unless the specific grounds were apparent from the context. Tex. R.
App. P. 33.1. An objection made during trial which is not the same as
an argument urged on appeal presents nothing for appellate review. 
Arroyo Shrimp Farm, Inc. v. Hung Shrimp Farm, Inc., 927 S.W.2d 146,
151 (Tex. App.--Corpus Christi 1996, no writ).

 In this case, appellants did not raise the issue of the witnesses'
unavailability before the trial court; thus, we may not consider it on
appeal.(3) Appellant did, however, make a timely, specific objection that
appellees failed to show a person with a similar interest as appellant
had an opportunity and similar motive to develop the testimony by
direct, cross, or redirect examination during the depositions. 
Accordingly, this issue is preserved for our review. 

 During the hearing, appellees maintained that there was a similar
interest because in both cases the insurer, or more precisely, the party
administering the benefits, was contesting coverage for skilled home
nursing care for Ashley. Appellant responded that appellees' counsel
was simply concluding there was a similar interest without providing
any evidence in support thereof. Counsel for appellees countered that
the trial court was aware of the facts of the case and could see from a
reading of the depositions, that like the present case, they had to do
with skilled nursing care and Ashley's need for it. 

 The first deposition was of Dr. Jeannine Griffin in a case between
Principal and appellees. In analyzing this deposition to determine if it
constituted hearsay, and if so, whether it fell under any exception to the
hearsay exclusion rule, the court could have properly concluded that
Principal was a party with a similar interest as appellant and that it had
an opportunity and similar motive to develop the testimony by direct,
cross, or redirect examination. In Dr. Griffin's deposition, counsel for
Principal obtained an admission from Dr. Griffin that Mrs. Duenez was
adequate and capable of maintaining a tracheostomy, and that a lay
person could be trained to do all of the things that a skilled nurse did for
Ashley. From a reading of Dr. Griffin's deposition, Principal sought to
procure testimony that private skilled nursing was unnecessary. The
trial court could have properly concluded that Principal had a similar
interest as appellant. 

 Appellant's counsel also argued that Principal did not have a
similar interest because it may not have administered benefits in the
same way as appellant and may have defined medical necessity
differently than appellant. Rule 804, however, requires that the parties
have a similar interest, not an identical interest. Tex. R. Evid. 804(b)(1). 
We hold the trial court did not abuse its discretion in admitting Dr.
Griffin's deposition. 

 The second deposition was of Dr. Stephanie Reid in a case
between appellees and F.F.P. Operating Partners L.P., d/b/a/ Mr. Cut
Rate #602, Carol Solis, Nu-Way Beverage Company, and Roberto Ruiz. 
There is no indication that the parties in this deposition had a similar
interest as appellant. The deposition was hearsay not subject to an
exception; consequently, the trial court abused its discretion in
admitting this evidence. 

 Because this deposition was erroneously admitted, we must
determine whether the error caused appellant harm. Tex. R. App. P.
44.1(a). The standard for reversible error is "the error complained of .
. . probably caused the rendition of an improper judgment." Tex. R. App.
P. 44.1(a)(1); Norwest Mortgage, Inc. v. Salinas, 999 S.W.2d 846, 861
(Tex. App.­Corpus Christi 1999, no pet.). The supreme court has held
that it "will ordinarily not find reversible error for erroneous rulings on
admissibility of evidence where the evidence in question is cumulative
and not controlling on a material issue dispositive of the case." Gee v.
Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 395 (Tex. 1989). "The
erroneous admission of testimony that is merely cumulative of properly
admitted testimony is harmless error." Id. (citation omitted). Here, the
testimony from Dr. Reid's deposition was largely cumulative of
testimony given by Dr. Griffin. We conclude the admission of Dr. Reid's
deposition did not probably cause the rendition of an improper
judgment, and thus is not reversible error. 

 Appellant further contends because the deposition testimony was
the only evidence showing irreparable harm, and the trial court erred in
admitting it, there is no evidence of irreparable harm. To obtain an
injunction, a party must show (1) a wrongful act occurred; (2) the party
will likely succeed on the merits of the cause of action; and (3) the party
will suffer harm. Tenet Health Ltd., 13 S.W.3d at 468 (citing Garcia-Marroquin v. Nueces County Bail Bond Bd., 1 S.W.3d 366, 375 (Tex.
App.­Corpus Christi 1999, no pet.); Walling v. Metcalfe, 863 S.W.2d 56,
57 (Tex. 1993)). The probable harm element requires the party to show
imminent and irreparable injury and that there is no adequate legal
remedy. Id. (citation omitted). 

 We have concluded the trial court did not err in admitting the
deposition of Dr. Griffin. In that deposition, Dr. Griffin opined Ashley
would die without skilled nursing care. We conclude there was some
evidence to support a finding of irreparable harm. Appellant's third
issue is overruled. 

 In its first and second issue, appellant claims the trial court
entered a void order by granting a temporary injunction without setting
a date for trial on the merits, and that the court was without jurisdiction
to enter a subsequent order setting such a date after appellant perfected
its appeal. 

 Rule 683 of the Texas Rules of Civil Procedure provides, in relevant
part, "[e]very order granting a temporary injunction shall include an
order setting the cause for trial on the merits with respect to the
ultimate relief sought." Tex. R. Civ. P. 683. "The requirements of Texas
Rule of Civil Procedure 683 are mandatory and must be strictly
followed. When a temporary injunction order does not adhere to the
requirements of Rule 683 the injunction order is subject to being
declared void and dissolved." Interfirst Bank San Felipe v. Paz Constr.
Co., 715 S.W.2d 640, 641 (Tex. 1986). 

 The trial court in this case entered an order granting a temporary
injunction without setting a date for trial on the merits. The order was
subject to being declared void. Id. However, the trial court
subsequently entered another order, substantively identical to the first
order, setting a date for trial on the merits. The order was entered after
appellant filed its notice of appeal. 

 In a case on point, the First Court of Appeals upheld a trial court's
subsequent order amending a temporary injunction when the initial
order failed to include a date for a trial on the merits. Eastern Energy,
Inc. v. SBY Partnership, 750 S.W.2d 5, 6 (Tex. App.­Houston [1st Dist.]
1988, no writ). As the court explained, the Texas Rules of Appellate
Procedure give the trial court jurisdiction pending an appeal from an
interlocutory order, and authorize it to issue further orders in the cause. 
Id. at 6 (citing Tex. R. App. P. 43(d) (currently found at Tex. R. App. P.
29.5)). However, the rule further provides that the trial court "shall
make no order granting substantially the same relief as that granted by
the order appealed from, . . . or any order that would interfere with or
impair the effectiveness of any relief sought or granted on appeal." Id. 
One apparent purpose behind this rule is to prevent trial courts from
interfering with the power of appellate courts to grant relief in
interlocutory appeals. Id. (citing State v. Walker, 679 S.W.2d 484, 485
(Tex. 1984)). Where an amended order merely sets a date for a hearing
on a permanent injunction, the trial court cannot be said to have
interfered with the appellate court's authority to grant interlocutory
relief. See id. As the court noted, "The trial court's amended order
accomplishes the purpose of rule 683 by preventing the temporary
injunction from becoming 'permanent' while the appellant waits
indefinitely for a trial on the merits. Moreover, it does not interfere with
our power to grant relief on appeal." Id. We agree with the reasoning
in Eastern Energy and hold that the trial court had jurisdiction(4) during
the pendency of an interlocutory appeal to enter a subsequent order
granting a temporary injunction, which unlike the first order, set a date
for trial on the merits, but was substantively identical to the first order. 
Appellant's first and second issues are overruled. 

 In its fourth issue, appellant contends there is no evidence to
support the bond set by the trial court. According to appellant,
appellees offered no evidence regarding the appropriate amount of
bond. Texas Rule of Civil Procedure 684 requires the court to fix the
amount of security to be given by the applicant for a temporary
injunction, and the applicant must execute and file a bond before the
injunction will issue. Tex. R. Civ. P. 684. 

 In this case, the court set bond in the amount of $2000.00, and
appellees filed a bond in that amount. There is no discussion from the
hearing on the temporary injunction as to the amount of bond. 
However, there was evidence before the trial court that Ashley required
substantial medical care. The insurance policy was also before the
court in evidence. The trial court could have reasonably inferred from
this evidence that at least $2,000.00 in benefits would be paid by
appellant.(5) The trial court did not abuse its discretion in setting a
$2,000.00 bond based on the evidence before it. Appellant's fourth
issue is overruled. 

 The judgment of the trial court is AFFIRMED. 

 NELDA V. RODRIGUEZ

 Justice

Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this 

the 12th day of October, 2000.

 

1. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon Supp.
2000).
2. An order from a federal district court granting a preliminary
injunction in a case between appellees and Principal appears in the
record as an attachment to appellees' motion for preliminary injunction. 

3. In a letter to this Court, appellant maintains it preserved error as
to all foundational elements of the rule 804(b)(1) exception. Appellant
directs this Court to the following objections made by counsel:


 Mr. Hull: Your Honor, I appreciate counsel's
observations; but . . . he's testifying that there's
a similar interest. That's a conclusion by him
without any foundation or testimony to
demonstrate that there's a similar interest. In this
particular case, E.R.S. has a very precise
definition of medical necessity, a very precise
interest in the way its . . . plan is administered. 
I don't know if this [ERISA] . . .plan is the same or
different, if the administrator has the same or
different interest. I don't know if the definitions
are the same or different. . . . And counsel's
simple representation that there is a similar
interest does not meet the foundational
requirements to make [the depositions]
admissible.


 * * * *


 Mr. Hull: I can't [cross-examine the deposition
witnesses] because they're not here. 


 * * * *


 Mr. Hull: [The deposition is] objectionable. I
object it's hearsay and there's been no showing
other than the argument of counsel that this
exception he relies upon applies to this case.


 From a reading of the entire record, it is clear counsel's objection
was directed at appellees' failure to show a similar interest in
developing testimony. Counsel never complained that appellees
had not shown the witnesses were unavailable to testify. 
4. We note that the cases cited by appellant for the proposition that
a trial court loses all jurisdiction regarding a temporary injunction order
once an appeal is perfected, either say no such thing or predate the
adoption of rule 29.5 of the Texas Rules of Appellate Procedure and its
predecessors. See Gibson v. Waco Indep. School Dist., 971 S.W.2d
199, 204 (Tex. App.­Waco 1998), judgment vacated, Waco Indep.
School Dist. v. Gibson, 22 S.W.3d 849 (Tex. 2000) (unsupportive);
Parsons v. Galveston County Employees' Credit Union, 576 S.W.2d 99,
100 (Tex. Civ. App.­Houston [1st. Dist.] 1978, no writ); Caldwell v.
Meyers, 446 S.W.2d 709, 710 (Tex. Civ. App.­Austin 1969, no writ);
City of Corpus Christi v. Lone Star Fish & Oyster Co., 335 S.W.2d 621,
622 (Tex. Civ. App.­San Antonio 1960, no writ) (cases handed down
prior to 1983, the year in which the Texas Rules of Civil Procedure were
amended to include rule 385b, which specifically provided that a trial
court retains jurisdiction over a cause pending an appeal from an
interlocutory order. Rule 385b was repealed in 1986 and in its place,
the Texas Supreme Court adopted rule 43(d) (now 29.5) of the Texas
Rules of Appellate Procedure, which contained language identical to
rule 385b.).
5. Appellant does not challenge the adequacy of the amount of the
bond. Rather it merely contends the bond is unsupported by the
evidence.