Opinion issued April 3, 2008








 



     




In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00765-CV




PHILIPPE TANGUY, Appellant

V.

DAVID LAUX, Appellee




On Appeal from the 165th Judicial District
Harris County, Texas
Trial Court Cause No. 2007-44578


 

O P I N I O N

          In this interlocutory appeal, appellant, Philippe Tanguy, appeals from the trial
court’s order granting a temporary injunction on behalf of appellee, David Laux. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon Supp. 2007). Laux filed
suit against Tanguy asserting that a judgment debtor of Laux’s, Richard Davis, had
violated the Texas Uniform Fraudulent Transfer Act


 by transferring a 1986 Twin
Otter aircraft to Tanguy. The trial court issued a temporary injunction prohibiting
Tanguy from “selling, encumbering, transferring and/or relocating from the county”
the aircraft. In four issues, Tanguy asserts that (1) the temporary injunction order is
void on its face; (2) Laux had no present right of recovery because he did not have
a lien on his judgment debtor’s personal property; (3) Laux was not entitled to
injunctive relief because he did not record his alleged judgment lien in the records of
the Federal Aviation Administration (“FAA”) registry for aircraft; and (4) Laux had
no greater right in the aircraft than his alleged judgment debtor. We conclude that the 
temporary injunction is not void and that the trial court did not abuse its discretion
in issuing a temporary injunction. We therefore affirm.
BackgroundIn 2004, Laux filed suit against Richard Davis in district court in Harris
County, seeking damages for breach of contract in connection with a partnership
dispute. After a jury trial, the trial court, on or about August 11, 2006, rendered a
final judgment in favor of Laux and against Davis for $384,126.94. Since that time,
Laux has been attempting to collect on his judgment.
          The instant suit was filed against Tanguy, alleging that the transfer of the Twin
Otter aircraft from Davis to Tanguy violated the Texas Uniform Fraudulent Transfer
Act. After a temporary restraining order was initially issued in favor of Laux, the trial
court held a hearing and issued the temporary injunction against Tanguy on August
16, 2007 (“the August Order”). The August Order did not set the underlying case for
trial. 
          Tanguy timely filed a notice of appeal on September 4, 2007. Tanguy filed his
initial brief in this Court on November 20, 2007, asserting four issues, including a
challenge that asserted that the August Order was void since it did not set the
underlying case for trial.
          While the appeal of the August Order was pending in this Court, Laux filed
with the trial court, on December 4, 2007, a Motion for Temporary Injunction Nunc
Pro Tunc to add a trial setting to the temporary injunction. In his Motion for
Temporary Injunction Nunc Pro Tunc, Laux specifically prayed that the trial court
“vacate the judgment previously signed, and enter judgment in accordance with the
proposed form [the December Order] which is attached to this motion.” The trial
court granted Laux’s motion and ordered that “the clerk will enter judgment in
accordance with the judgment as rendered and signed at this time.” The trial court
then signed a temporary injunction on December 6, 2007 (“the December Order”). 
The December Order contains the same language as the August Order, except that it
has an additional sentence not in the August Order that states, “It is further
ORDERED, ADJUDGED, and DECREED this matter is scheduled to begin trial on
May 26, 2008.”
          After the trial court signed the December Order, Laux filed his appellee’s brief
with our Court on December 10, 2007. In the brief, in response to the assertion that
the August Order was void because it failed to set the underlying case for trial, Laux
relies on the trial court’s grant of the nunc pro tunc order to contend that the failure
to set the case for trial was a clerical error that was remedied by the December Order. 
Failure to Set Case for Trial on the Merits
          In his first issue, Tanguy contends that the temporary injunction is void
because it fails to comply with the Texas Rules of Civil Procedure that require that
the case be set for a trial on the merits.


 In his brief, Laux asserts that (1) the failure
of the August Order to include the statement that the underlying case was set for trial
was a clerical error that could be remedied by a nunc pro tunc order and (2) the
December Order that was rendered pursuant to the nunc pro tunc order set the case
for trial and therefore complied with the requirements for temporary injunctions. In
his reply brief, Tanguy asserts that the trial court’s failure to include a trial setting is
a judicial error, not a clerical one, and that a nunc pro tunc order may not be used to
correct a judicial error.



          Although the parties refer to the December Order as a nunc pro tunc order, it
is a temporary injunction that is identical to the August Order, except that it adds a
trial setting for the case. In his Motion for Temporary Injunction Nunc Pro Tunc,
Laux specifically prayed that the trial court “vacate the judgment previously signed,
and enter judgment in accordance with the proposed form [the December Order]
which is attached to this motion.” The trial court granted Laux’s motion and ordered
that “the clerk will enter judgment in accordance with the judgment as rendered and
signed at this time.” 
          “While an appeal from an interlocutory order is pending, the trial court retains
jurisdiction of the case and may make further orders, including one dissolving the
order appealed from . . . .” Tex. R. App. P. 29.5. “But the [trial] court must not make
an order that . . . interferes with or impairs the jurisdiction of the appellate court or
effectiveness of any relief sought or that may be granted on appeal.” Tex. R. App. P. 
29.5(b). “While an appeal from an interlocutory order is pending, . . . the appellate
court may review . . . a further appealable interlocutory order concerning the same
subject matter.” Tex. R. App. P. 29.6(a)(1); see Ahmed v. Shimi Ventures, L.P., 99
S.W.3d 682, 688–89 (Tex. App.—Houston [1st Dist.] 2003, no pet.).
          We have jurisdiction to address the December Order because it is a further
appealable interlocutory order that concerns the same subject matter. See Tex. R.
App. P. 29.5; Ahmed, 99 S.W.3d at 689. Further, the trial court had jurisdiction to
dissolve the August Order and to replace it with the December Order that concerned
exactly the same subject matter but with the addition of the trial date, if those actions
did not interfere with or impair our jurisdiction or the effectiveness of the relief
sought in the appeal. See Tex. R. App. P. 29.5; see Ahmed, 99 S.W.3d at 688–89. 
We conclude that the trial court’s actions in dissolving the August Order and
replacing it with the December Order do not interfere with or impair our jurisdiction
or the effectiveness of the relief sought in the appeal because Tanguy’s appellate
challenges concerning the substance of the injunction remain alive, despite the trial
court’s orders, because the two injunctions are substantively the same. See Tex. R.
App. P. 29.5. For example, if we agreed with Tanguy’s challenges to the merits of
the injunction, we could reverse the injunction and give him the relief he seeks in the
appeal. See id. Therefore, the trial court’s actions in dissolving the August Order and
issuing the December Order on the same subject do not diminish the effectiveness of
the substantive challenges asserted by Tanguy in the appeal, which we address in
issues two through four. See id. 
          Although the substantive challenges by Tanguy are not affected by the trial
court’s orders, Tanguy also made a procedural challenge to the injunction. Tanguy’s
procedural challenge asserts that the August Order was void on its face because it
failed to set the case for trial. Tanguy wanted the August Order dissolved due to its
lack of the trial setting, and the trial court agreed with him by dissolving the order and
issuing a new injunction in the December Order that included a trial date. We
conclude that the dissolution of the August Order does not interfere with or impair
the effectiveness of the relief sought because the trial court gave Tanguy all the relief
he sought from us. See Tex. R. App. P. 29.5(b). When we addressed an almost
identical situation, we said,
A trial court should not be allowed to frustrate a party’s right to
appellate review. However, that has not happened in this case. The
amended order merely sets a trial date for a hearing on the permanent
injunction, as required . . . . The appellant should not be able to
complain both that the order is void because no trial date is set and also
that a trial date has been set. The reason for requiring that a temporary
injunction set a date for trial on the merits is to prevent the temporary
injunction from becoming effectively permanent, without a trial having
occurred. That purpose was accomplished here by the setting of the trial
date. The trial court’s amended order accomplishes the purpose of rule
683 by preventing the temporary injunction from becoming “permanent”
while the appellant waits indefinitely for a trial on the merits. 
Moreover, it does not interfere with our power to grant relief on appeal. 
It is unnecessary to vacate this injunction in order to protect either
appellant’s right to a speedy trial or to effective appellate review of the
temporary injunction.

Eastern Energy, Inc. v. SBY P’ship, 750 S.W.2d 5, 6 (Tex. App.—Houston [1st Dist.]
1988, no writ).



          We conclude the trial court had jurisdiction to dissolve the August Order and
to issue the December Order that set the case for trial. See Tex. R. App. P. 29.5;
Ahmed, 99 S.W.3d at 689. We hold that the December Order granting the injunction
was not void. We overrule Tanguy’s first issue. 
Merits of the Temporary Injunction
          Tanguy’s three remaining issues contend that Laux has not met his burden to
establish the temporary injunction. 
A. Standard of Review for the Temporary Injunction
          The decision to grant or deny a temporary injunction lies in the sound
discretion of the trial court, and the court’s ruling is subject to reversal only for a
clear abuse of discretion. TMC Worldwide, L.P. v. Gray, 178 S.W.3d 29, 36 (Tex.
App.—Houston [1st Dist.] 2005, no pet.) (citing Walling v. Metcalfe, 863 S.W.2d 56,
58 (Tex. 1993)). We must not substitute our judgment for the trial court’s judgment
unless the trial court’s action was so arbitrary that it exceeded the bounds of
reasonable discretion. Id. (citing Johnson v. Fourth Ct. App., 700 S.W.2d 916, 918
(Tex. 1985)). In reviewing an order granting or denying a temporary injunction, we
draw all legitimate inferences from the evidence in a manner most favorable to the
trial court’s judgment. Id. (citing CRC-Evans Pipeline Int’l v. Myers, 927 S.W.2d
259, 262 (Tex. App.—Houston [1st Dist.] 1996, no writ)). Abuse of discretion does
not exist if the trial court heard conflicting evidence and evidence appears in the
record that reasonably supports the trial court’s decision. Id. (citing Davis v. Huey,
571 S.W.2d 859, 862 (Tex. 1978); Myers, 927 S.W.2d at 262).
B. Elements of Temporary Injunction
          A temporary injunction’s purpose is to preserve the status quo of the
litigation’s subject matter pending a trial on the merits. TMC Worldwide, 178 S.W.3d
at 36 (citing Walling, 863 S.W.2d at 57). A temporary injunction is an extraordinary
remedy and does not issue as a matter of right. Id. To obtain a temporary injunction,
the applicant must plead and prove three specific elements: (1) a cause of action
against the defendant; (2) a probable right to the relief sought; and (3) a probable,
imminent, and irreparable injury in the interim. Id. (citing Butnaru v. Ford Motor
Co., 84 S.W.3d 198, 204 (Tex. 2002)). An injury is irreparable if the injured party
cannot be adequately compensated in damages or if the damages cannot be measured
by any certain pecuniary standard. Id.
          Tanguy does not address any of the elements of a temporary injunction in his
brief. In his second, third, and fourth issues, Tanguy contends that (1) Laux had no
present right of recovery because he did not have a lien on his judgment debtor’s
personal property; (2) Laux was not entitled to injunctive relief because he did not
record his alleged judgment lien in the records of the FAA registry for aircraft; and
(3) Laux had no greater right in the aircraft than his alleged judgment debtor. We
construe these as an attack on the second element necessary for a temporary
injunction—“a probable right to the relief sought.”


 
C. The Second Element: A Probable Right to the Relief Sought
          A probable right to the relief sought is shown by alleging a cause of action and
presenting evidence that tends to sustain it. Tel. Equip. Network, Inc. v.
TA/Westchase Place, Ltd., 80 S.W.3d 601, 607 (Tex. App.—Houston [1st Dist.] 2002,
no pet.). Laux filed suit against Tanguy asserting a cause of action under the Texas
Uniform Fraudulent Transfer Act. The Texas Uniform Fraudulent Transfer Act
provides,
A transfer made . . . by a debtor is fraudulent as to a creditor, whether
the creditor’s claim arose before or within a reasonable time after the
transfer was made . . . , if the debtor made the transfer . . . :
 
(1)with actual intent to hinder, delay, or defraud any creditor of the
debtor; or
 
(2)without receiving a reasonably equivalent value in exchange for
the transfer . . . , and the debtor:
 
(A)was engaged or was about to engage in a business or
a transaction for which the remaining assets of the
debtor were unreasonably small in relation to the
business or transaction; or
 
(B)intended to incur, or believed or reasonably should
have believed that the debtor would incur, debts
beyond the debtor’s ability to pay as they became
due.

Tex. Bus. & Com. Code Ann. § 24.005(a) (Vernon 2002). The allegations of Laux’s
petition track these statutory provisions. In addition, the Texas Uniform Fraudulent
Transfer Act provides that as a remedy a creditor may seek “avoidance of the transfer
. . . to the extent necessary to satisfy the creditor’s claim.” Id. § 24.008(a)(1). The
statute also specifically provides that “subject to applicable principles of equity and
in accordance with applicable rules of civil procedure,” a creditor may obtain “an
injunction against further disposition by the debtor or a transferee, or both, of the
asset transferred.” Id. § 24.008(a)(3)(A). 
          Under the Texas Uniform Fraudulent Transfer Act, a temporary injunction may
be sustained if the trial court was presented with evidence of intent to defraud the
creditor. Tel. Equip. Network, 80 S.W.3d at 609. The Texas Uniform Fraudulent
Transfer Act lists several nonexclusive factors to consider in determining intent:
(1)the transfer or obligation was to an insider;
 
(2)the debtor retained possession or control of the property
transferred after the transfer;
 
(3) the transfer or obligation was concealed;
 
(4)before the transfer was made or obligation was incurred, the
debtor had been sued or threatened with suit;
 
(5)the transfer was of substantially all the debtor’s assets;
 
(6)the debtor absconded;
 
(7)the debtor removed or concealed assets;
 
(8)the value of the consideration received by the debtor was
reasonably equivalent to the value of the asset transferred or the
amount of the obligation incurred;
 
(9)the debtor was insolvent or became insolvent shortly after the
transfer was made or the obligation was incurred;
 
(10)the transfer occurred shortly before or shortly after a substantial
debt was incurred; and
 
(11)the debtor transferred the essential assets of the business to a
lienor who transferred the assets to an insider of the debtor.

Tex. Bus. & Com. Code Ann. § 24.005(b)(1)–(11).
          None of Tanguy’s contentions undermine Laux’s showing of a probable right
to recover under the Texas Uniform Fraudulent Transfer Act. 
          1. Lack of Proof of Lien
          Tanguy’s challenges in his second and third issues do not pertain to the proof
required to establish a violation of Texas Uniform Fraudulent Transfer Act. 
          In his second issue, Tanguy contends, 
Appellee Laux had no present right to injunctive relief since the mere
recovery of a judgment or filing of an abstract of judgment does not
create a lien on a judgment debtor’s personal property.

Under this issue, Tanguy contends that Laux has not established any type of lien
against the personal property of Davis, the judgment debtor. However, Tanguy does
not assert that the existence of a lien is a prerequisite to injunctive relief and he does
not cite any authority that stands for the proposition that failing to establish a lien
against Davis precludes Laux from obtaining injunctive relief.
          Similarly, in his third issue, Tanguy asserts,
Laux’s failure to prove recordation of his alleged judgment lien in the
records of the F.A.A. registry for aircraft was fatal to his right to recover
injunctive relief.

Under this issue, Tanguy contends, “A judgment creditor who wants to impose a
judgment lien on an aircraft must timely record his writ of execution or attachment
in the FAA registry BEFORE the judgment Debtor sells the aircraft.” Assuming that
Tanguy’s legal contention concerning the imposition of a lien on an aircraft is correct,
he makes no argument and cites to no authority that the existence of a lien is
necessary before a temporary injunction may be issued or that the existence of a lien
has any relation to Laux’s cause of action asserted under the Texas Uniform
Fraudulent Transfer Act.
          We conclude that the lack of proof of the existence of a lien does not
undermine Tanguy’s showing of a probable right to recovery under the Texas
Uniform Fraudulent Transfer Act, which allows a creditor to obtain “an injunction
against further disposition by the debtor or a transferee, or both, of the asset
transferred.” Id. § 24.008(a)(3)(A). The express language of Texas Uniform
Fraudulent Transfer Act, which Laux followed in his petition seeking relief against
Tanguy, provides that a transfer made by a debtor is fraudulent as to a creditor if the
debtor made the transfer “with actual intent to hinder, delay, or defraud any creditor
of the debtor.” Id. § 24.005(1). The statute does not require that a creditor have a
lien against the debtor’s property in order to pursue relief under the Texas Uniform
Fraudulent Transfer Act. Because the existence of a lien is not a prerequisite to
Laux’s cause of action under the Texas Uniform Fraudulent Transfer Act, Tanguy’s
assertions in his second and third issues do not tend to establish that Laux did not
have a probable right to the relief sought. 
          We overrule Tanguy’s second and third issues.
          2. Greater Right of Ownership
          In his fourth issue, Tanguy asserts,
Laux, as a judgment creditor, had no greater right in the aircraft than his
alleged judgment debtor Davis even if Davis (not an L.L.C.) sold the
aircraft to appellant Tanguy.

Tanguy contends that the FAA records reflect that 13,500 Air Express, L.L.C. was the
owner of the disputed aircraft, not Davis. Tanguy asserts that, even if Davis was the
owner, when Davis sold the aircraft to Tanguy, there was “no restriction by judicial
lien or otherwise preventing him from transferring the aircraft to Tanguy.” The
factual basis of this contention is that the documents that memorialize the sale of the
aircraft are dated January 5, 2006, approximately seven months before the date that
Laux obtained a judgment against Davis.
          Although Tanguy presented evidence that indicated that the sale of the aircraft
occurred on January 5, 2006, which was before Laux obtained a judgment against
Davis, the standard of review dictates that we must view the evidence in favor of the
trial court’s judgment. See TMC Worldwide, 178 S.W.3d at 36. The bill of sale for the
aircraft was not dated until May 3, 2007, approximately 9 months after the judgment
against Davis and only six weeks before Davis filed for bankruptcy. Additionally,
Laux filed suit against Davis in April 2004. Viewing the evidence in a light most
favorable to the trial court’s order, the court could have inferred that (1) Davis or
Tanguy attempted to conceal the transfer by waiting 16 months before filing the bill
of sale with the FAA, see Tex. Bus. & Com. Code Ann. § 24.005(b)(3); (2) Davis
became insolvent shortly after the transfer, see id. § 24.005(b)(9); and (3) Davis had
been sued before the transfer occurred, see id. § 24.005(b)(4). See also Tel. Equip.
Network, 80 S.W.3d at 609 (finding that trial court did not abuse discretion by issuing
temporary injunction under Texas Uniform Fraudulent Transfer Act when evidence
tended to support finding of factors listed in section 24.005(b), including that transfer
had been concealed and that debtor had been sued before the transfer). Although
Tanguy asserts that there is evidence that weighs against the trial court’s decision to
issue a temporary injunction, we cannot conclude that the trial court abused its
discretion when the record contains conflicting evidence. See TMC Worldwide, 178
S.W.3d at 36. 
          We overrule Tanguy’s fourth issue.

Conclusion
          We affirm the trial court’s order granting a temporary injunction. All pending
motions are dismissed as moot.



                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Taft, Keyes, and Alcala.