Allen C. OTT, Appellant,

v.

B. W. BELL et al., Appellees.

No. 6181.

Court of Civil Appeals of Texas, Waco.

Sept. 25, 1980.

Richard A. Fielder, Richard A. Fielder & Associates, Lockhart, for appellant.

Toufic Nicolas, Nicolas, Morris & Barrow, Corpus Christi, O. T. Moore, Jr., Blundell & Moore, Lockhart, for appellees.

HALL, Justice.

This is a related case to our case number 6150, styled *B. W. Bell et al. v. Robert C. Ott, Sr. et al.*, reported at 606 S.W.2d 942, and involves some of the parties to that suit.

The present case was filed on March 12, 1979, by B. W. Bell and R. D. Watts against Robert C. Ott, Sr. and Allen Ott to enjoin the Otts from interfering with plaintiffs' asserted possession of the tracts numbered 2, 3, 4, 5 and 6 in the prior suit, and for a mandatory injunction requiring the Otts to

remove a fence they had constructed "across [tracts 3 and 4]" in March, 1979. Plaintiffs alleged that they had superseded and appealed the judgment in the prior suit; and that although the supersession and appeal suspended defendants' right to enjoy the benefits of the judgment, defendants Otts, in March 1979, caused the fence in question to be constructed "in direct violation of the status quo of the parties."

Defendant Allen Ott answered plaintiffs' suit, but defendant Robert C. Ott, Sr. did not. The undisputed evidence shows that Robert C. Ott was not served with citation in this case and that he did not in person nor by attorney appear or participate in the trial. Insofar as pertinent to this appeal Allen Ott answered with a general denial. In due order of pleadings, he also moved the court to abate plaintiffs' suit alleging that because the appeal of the prior suit had been perfected to the Court of Civil Appeals the trial court was without jurisdiction to entertain the present suit to "maintain the status quo" and that jurisdiction was vested in the appellate court.

Defendants' plea in abatement was overruled.

The suit was heard in April, 1979. Judgment was rendered in September, 1979, ordering the issuance of a writ of temporary injunction, pending final determination of the suit, commanding both defendants "to remove 25 feet of the fence which they constructed along the Easterly boundary line of [tract 4] in order to permit the Plaintiffs ingress and egress to such tract," and commanding both defendants "to vacate [tracts 3, 4, 5 and 6] at once and refrain from interfering with the use, peaceable possession and enjoyment by the Plaintiffs of any of [those tracts]."

Responding to defendant Allen Ott's request for written findings of fact and conclusions of law, the court filed the following:

### Findings of Fact

1. Prior to the filing of the application for an injunction in the instant proceedings, the Plaintiffs were named as Defendants in a suit seeking to remove the cloud on the title to the property described in such application for injunction.

2. A Judgment against the Plaintiffs herein was entered by the undersigned Judge who also presided in such other suit, being cause number 15063 in the District Court of Caldwell County.

3. An Appeal from the Judgment adverse to the Plaintiffs was properly made in such other suit and a supersedeas bond duly posted.

4. Such Appeal is presently pending in the Court of Civil Appeals.

5. For several years prior to the first week of March, 1979, the Plaintiffs in this cause were in possession of the various tracts described in the Order granting the Temporary Injunction herein.

6. During such possession the Plaintiffs enjoyed the use of the property by planting crops and grazing cattle thereon.

7. On or about the first week of March, 1979, the Defendants in this action caused a fence to be constructed across what is known as the James Dorn sixteen acres, being the tract described as the Fourth Tract in the original petition herein.

8. Such fence was constructed without the permission or consent of the Plaintiffs herein.

### Conclusions Of Law

1. The Judgment entered in cause number 15063 is not final or dispositive of the controversy herein between the parties.

2. The construction of the fence across the tract hereinabove referred to constituted an unwarranted interference with the Plaintiffs' possession of such tract.

3. The Plaintiffs are entitled to a temporary injunction preserving the status quo.

4. The Defendants should be directed to remove the fence they recently constructed across the sixteen–acre tract above described, but Plaintiffs having agreed to the removal of only twenty–five feet of such fence to permit their

ingress and egress thereto until this cause is finally adjudicated, it shall be so Ordered.

5. The Defendants shall be directed to not interfere with the use, possession and enjoyment by the Plaintiffs of the property described in the Order heretofore entered granting the Temporary Injunction herein.

Additional findings were not requested.

The appellate record also contains a statement of facts.

Defendant Allen Ott brought this appeal. Robert C. Ott did not appeal.

 None of the court's express findings are challenged. Findings of fact which are not challenged by proper assignment of error on appeal are binding on the parties and the reviewing court. *Rancho Camille, S.A. v. Beachum*, 596 S.W.2d 632, 638 (Tex.Civ. App.—Waco 1980, no writ).

■ It is asserted the judgment must be reversed "since there was no finding of probable injury to plaintiffs." We overrule this contention. The finding in question is supported by evidence which we need not detail. It is therefore supplied by implication, in connection with express findings 5, 6, 7 and 8, in support of the judgment under the provisions of Rule 299, Vernon's Tex. Rules Civ.Proc.[1] *F. R. Hernandez Const. v. Nat. Bk. of Commerce*, (Tex.1979) 578 S.W.2d 675, 678.

■ Next, it is contended the court erred in overruling defendants' plea in abatement in which it was asserted the trial court did not have jurisdiction in this matter because of the appeal of the prior case to this court. We disagree. A Court of Civil Appeals has no original jurisdiction to grant writs of injunction, except to protect its jurisdiction over the subject matter of a pending appeal, or to prevent an unlawful interference with the enforcement of its judgments and

decrees. Article 1823, Vernon's Tex.Civ.St.; *Madison v. Martinez*, 42 S.W.2d 84, 86 (Tex. Civ.App.—Dallas 1931, writ ref'd). "This court cannot grant a temporary writ of injunction for the purpose of preventing damages that would otherwise flow to a litigant who has a pending appeal in this court. That power rests exclusively with the district judge." *Madison*, supra, at 42 S.W.2d 86. The prior case was a quiet title action, and the parties' right to possession of the tracts was not an affirmative issue in that case. The injunction in question maintaining the status quo of the parties' possession as found by the court does not affect the subject matter of the prior suit.

Appellant's remaining points and contentions are also without merit, and they are overruled.

The judgment is affirmed.

---

1. Rule 299. Omitted Findings.

Where findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court; but where one or more elements thereof have been found by the trial court, omitted unrequested elements, where supported by evidence, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal.