Affirmed and Memorandum Opinion filed March 18, 2008








Affirmed and Memorandum Opinion filed March 18, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00058-CV

____________

 

BEAUTY ELITE GROUP, INC., PETSILK,
INC., and BASIM SHAMI, Appellants

 

V.

 

IRWIN PALCHICK, Appellee

 



 

On Appeal from the 164th
Judicial District Court

Harris County, Texas

Trial Court Cause No. 2004-45700

 



 

M E M O R A N D U M  O P I N I O N

Appellants
Beauty Elite Group, Inc., PetSilk, Inc., and Basim Shami (collectively AShami@) appeal a judgment in favor of Irwin
Palchick on grounds that the trial court erred in (1) denying Shami relief on
claims for trademark infringement and unfair competition; (2) awarding attorney=s fees to Palchick when Palchick
pleaded and proved presentment of an amount exceeding the amount actually
recovered on his contract claim; and (3) denying Shami recovery of attorney=s fees under the Lanham Act.  We
affirm.








Background

In March
2003, Shami hired Palchick as an independent contractor to sell pet care
supplies under the PetSilk label and human hair care products under the Beauty
Elite label.  Shami orally contracted with Palchick to sell these products for
a five percent commission on gross receipts.   Shami terminated the oral
agreement with Palchick on June 7, 2004.  After the termination, Palchick
registered certain assumed names Asimilar@[1] to Shami=s registered trademarks and began
operating his own corporation called ABeauty Signature Group.@ 

On
August 26, 2004, Palchick sued Shami for breach of the oral sales commission
contract.  Shami answered and filed a counterclaim against Palchick seeking
injunctive relief and damages based on common law claims for trademark
infringement and unfair competition.  In his counterclaim, Shami asserted that
Palchick=s use of the names ASilky Pet,@ APet Silk Flight Pack,@ and ABeauty Signature Group@ caused Adamages in an amount in excess of the
minimum jurisdictional limits of this Court.@  Shami also requested injunctive
relief, alleging Airreparable harm because the damages sustained by PetSilk
will be unpredictable and unending.@  Shami requested a temporary and
permanent injunction barring Palchick from doing business under the foregoing
names; damages; attorney=s fees; and prejudgment and postjudgment interest.   








After a
bench trial, the trial court awarded Palchick $18,540.97 in damages for Shami=s breach of the oral sales commission
contract; this represented the difference between $191,085.78 (five percent of
$3,821,715.52 in gross receipts generated by Palchick) and $172,544.81 (the
commission paid to Palchick).  The trial court signed findings of fact and
conclusions of law on December 19, 2006.   The trial court found that Palchick
had made a timely demand for amounts owed under the oral sales commission
contract, and that Shami had refused to tender performance.  Accordingly, the
trial court awarded Palchick $18,428.75 in reasonable and necessary attorney=s fees. The trial court=s final judgment denied all relief to
Shami on his counterclaim.    The trial court ordered that Shami take nothing
and pay all costs of court.  Shami now appeals.

Injunctive
Relief

Shami=s first issue contends that the trial
court erred in denying injunctive relief on his common law claims for trademark
infringement and unfair competition.[2]

Standard
of Review    

            A court can
grant injunctive relief only when the movant has proven (1) the existence of a
wrongful act; (2) the existence of imminent harm; (3) the existence of
irreparable injury; and (4) the absence of a remedy at law.  Jim Rutherford
Invs., Inc. v. Terramar Beach Cmty. Ass=n, 25 S.W.3d 845, 849 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied). 

The
decision to grant or deny a permanent injunction is reviewed for clear abuse of
discretion. Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993);  Jim
Rutherford Invs. Inc., 25 S.W.3d at 849.  We must uphold the trial
court=s determination against issuing
injunctive relief unless it is made without reference to any guiding rules or
principles.  See generally Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-41 (Tex. 1985) (discussing abuse of discretion standard).  








A trial
court acts within its discretion when it makes a decision based upon
conflicting evidence, with some evidence supporting the court=s determination and other evidence
contrary to the court=s determination.   All Am. Builders, Inc. v. All Am.
Siding of Dallas, Inc., 991 S.W.2d 484, 487 (Tex. App.CFort Worth 1999, no pet.).  AA clear abuse of discretion in
denying injunctive relief arises only when the trial court=s decision is not supported by some
evidence of substantial and probative character.@ GTE Mobilnet of S. Tex. Ltd. P=ship v. Pascouet, 61 S.W.3d 599, 620 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied).   In a nonjury trial or hearing, determining the credibility of the
witnesses and the weight of testimony lies within the trial court=s sole discretion.  Griffin
Indus., Inc. v. Honorable Thirteenth Court of Appeals, 934 S.W.2d 349, 355
(Tex. 1996).

Analysis           

Shami
focuses on the trial court=s Finding of Fact No.12, which states: AThere was no evidence adduced at
trial that [Shami] suffered any damages as a result of any alleged unfair
competition by [Palchick=s] alleged misappropriation of [Shami=s] trademarks.@  Shami asserts that this finding of
fact Agives rise to the inference that the
trial court found Beauty Elite and PetSilk could not prevail on their trademark
and unfair competition claims because there was no showing of damages.@  Shami does not challenge on appeal
the trial court=s finding that he proved no damages.   Shami instead argues
that proof of monetary damages is not required to prevail on a trademark
infringement or an unfair competition claim because injunctive relief is
available.  See  Qaddura v. Indo-European Foods, Inc., 141 S.W.3d
882, 889 (Tex. App.CDallas 2004, pet. denied) (injunctive relief is the most
common type of relief sought in a trademark infringement case). 








Proving
a wrongful act, standing alone, is insufficient to obtain injunctive relief;
each of the remaining elements for injunctive relief must be established.  See
Samuel v. KTVU P=ship,  No. 08-02-00010-CV, 2003 WL 21954925, at *8-9 (Tex. App.CEl Paso Aug. 15, 2003, pet. denied)
(an admission of a wrongful act does not establish the other elements of
injunctive relief).  Shami pleaded a claim for injunctive relief premised upon Airreparable harm because the damages
sustained@ would be Aunpredictable and unending.@ But Shami failed to establish
non-monetary harm B such as Aloss of goodwill, clientele, marketing techniques, office
stability@ B  that are predicates for injunctive
relief.  See Graham v. May Kay Inc., 25 S.W.3d 749, 753 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied) (injunctive relief is proper where party proves non-compensable harm or
damages that are difficult to calculate); see also David v. Bache Halsey
Stuart Shields, Inc., 630 S.W.2d 754 (Tex. App.CHouston [1st Dist.] 1982, no writ)
(employee=s use of confidential information regarding former employer=s customer=s financial assets and preferences
can constitute a non-monetary injury suitable for injunctive relief). 

When a
trial court=s findings of fact address one or more of the elements of a claim but are
silent regarding the remaining elements, and more specific findings of fact are
not requested, a Apresumption in support of the judgment@ is made as to the remaining elements.  
See Tex. R. Civ. P. 299; Lindner v. Hill, 691 S.W. 2d 590, 592
(Tex. 1985) (Awhile the trial court did not specifically address all these elements in
its findings of fact, any omitted findings will be deemed to support the
judgment if evidence exists to support such findings@); Vickery v. Comm=n for Lawyer Discipline, 5 S.W.3d 241, 251-52 (Tex. App.CHouston [14th Dist.] 1999, pet.
denied) (Awhile findings of fact serve to limit the issues on appeal . . . the
reviewing court will indulge every reasonable presumption in favor of the
findings and judgment of the trial court, and no presumption will be indulged
against the validity of the judgment . . . the presumption of validity will
provide the omitted element by implication@); see also Ott v. Bell, 606
S.W.2d 955, 957 (Tex. App.CWaco 1980, no writ) (applying Rule 299 to supply omitted
findings in context of claim for injunctive relief).  








Even
treating Finding of Fact No. 11 as an express finding that a wrongful act
occurred, there is sufficient evidence in the record to support additional
implied findings in conformity with the trial court=s judgment denying injunctive relief
on grounds that the record fails to demonstrate imminent harm, irreparable
injury, or any damage for which there is no remedy at law.  Palchick testified
that the names ASilky Pet,@ AEquiSilk,@ ASilky Pet Spa,@ ACool Dog@ and APet Silk@  had been abandoned before trial; 
that no business had been conducted under those names; that no products had
been sold under those names; and that Palchick had no intention of doing so. 
Palchick testified at trial that no customers contacted Palchick=s Beauty Signature Group thinking
they were contacting Shami=s Beauty Elite Group.  Palchick further testified that both
corporations are diversion corporations,[3]
and that their product labels do not contain the names of Palchick=s Beauty Signature Group or of Shami=s Beauty Elite Group.            

Shami
asserted at trial that the similarity of the names used by Palchick was Adestruction to my company,@ and stated that the Adeceptively similar name@ of Beauty Signature Group was Avery confusing to customers.@[4]  Even if it is assumed that Shami
did proffer some evidence, there is sufficient competing evidence of lack of
harm to support implied findings in conformity with the trial court=s judgment denying injunctive relief.

Shami=s first issue is overruled.

 Attorney=s Fees

Shami=s second issue contends that the
trial court abused its discretion in awarding attorney=s fees because Palchick sought an
amount for his contract claim exceeding the amount actually recovered as
contract damages.[5] 








Standard
of Review

As a
general rule, attorney=s fees are not recoverable in Texas unless allowed by
contract or statute.  Brainard v. Trinity Universal Ins. Co., 216 S.W.3d
809, 817 (Tex. 2006).  Determining whether attorney=s fees are available under a statute
is a question of law reviewed de novo.  See Holland v. Wal-Mart
Stores, Inc., 1 S.W.3d 91, 94 (Tex. 1999).  The reasonableness of the
amount of attorney=s fees is a question for the trier of fact.  Stewart Title
Guar. Co. v. Sterling, 822 S.W.2d 1, 12 (Tex. 1991).  AWhere allowed by statute, the
allowance of attorney=s fees is within the discretion of the trial court and will
only be reversed for an abuse of that discretion.@  Llanes v. Davila, 133 S.W.3d
635, 640 (Tex. App.CCorpus Christi 2003, pet. denied) (citing Ragsdale v.
Progressive Voters League, 801 S.W.2d 880, 881 (Tex. 1990)). 

Under
statute, a party may recover reasonable attorney=s fees on a contract claim.  Tex.
Civ. Prac. & Rem Code Ann. ' 38.001(8) (Vernon 1997).  To recover attorney=s fees, a party must (1) prevail upon
a cause of action for which attorney=s fees are available; and (2) recover
damages.  Green Int=l Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997).  








Additionally,
before attorney=s fees can be recovered, a party must plead and prove
presentment of a contract claim to the opposing party, and the opposing party
must fail to tender timely performance. Tex. Civ. Prac. & Rem Code Ann. ' 38.002(2),(3) (Vernon 1997); Brainard,
216 S.W.3d at 817.  AThe term >present= has been defined to mean simply a
demand or request for payment.@  Llanes, 133 S.W.3d at 641.  No particular form of
presentment is mandated, and this requirement may be satisfied in writing or
orally. Qaddura, 141 S.W.3d at 892-92; Harrison v. Gemdrill Int=l, Inc., 981 S.W.2d 714, 719 (Tex. App.CHouston [1st Dist.] 1998, pet.
denied).  The presentment requirement provides an opportunity for payment of
the claimed contract amount before attorney=s fees have been incurred.  Brainard,
216 S.W.3d at 818.  

A creditor who
presents an excessive demand to a debtor is not entitled to attorney=s fees for
subsequent litigation required to recover the debt. Findlay v. Cave, 611 S.W.2d 57,
58 (Tex. 1981).  Excessive demand is an affirmative
defense that must be pleaded, and the evidence must demonstrate
unreasonableness or bad faith.  Kurtz v. Kurtz, 158 S.W.3d 12, 21 (Tex.
App.CHouston [14th Dist.] 2004, pet.
denied) (excessive demand is an affirmative defense that is waived if not
pleaded).

In Findlay, the Texas
Supreme Court instructed that the prohibition on recovery of attorney=s fees following
an excessive demand applies only when (1) the claim is for a liquidated debt;
and (2) the creditor refused the debtor=s tender of the
liquidated amount actually due or indicated that such a tender would be
refused. Findlay, 611 S.W.2d at 58; see also Hernandez v. Lautensack,
201 S.W.3d 771, 777 (Tex. App.CFort Worth 2006,
pet. denied) (rule is limited to situations where the creditor refuses a tender
or indicates he will refuse a tender of what is actually owed); Tuthill v.
Sw. Pub. Serv. Co., 614 S.W.2d 205, 212 (Tex. App.CAmarillo 1981,
writ ref=d n.r.e.) (demand
is not excessive unless the creditor wrongfully demands more than the amount
due and creditor refuses or indicates he will refuse tender of the amount
actually due).  

An award of an
amount less than the demand is not dispositive.  See Findlay, 611 S.W.2d
at 58; Alford v. Johnston, 224 S.W.3d 291,
298 (Tex. App.CEl Paso 2005, pet. denied) (absent additional showing of unreasonableness
or bad faith, award of attorney=s fees is not precluded solely because the amount of damages
awarded is less than the amount sought); Oyster Creek Fin. Corp. v. Richwood
Invs. II, Inc.,  176 S.W.3d 307, 318 (Tex. App.CHouston [1st Dist.] 2004, pet.
denied) (AThe dispositive
question in determining whether a demand is excessive is whether the claimant
acted unreasonably or in bad faith@).








Analysis

Shami=s second issue
encompasses two sub-issues: whether presentment was made, and whether the
presentment was excessive so as to bar recovery. 

With respect to
whether presentment was made, there is no indication in the record that Shami
objected in the trial court that Palchick failed to present his claim for
contract damages.[6] 
Palchick prevailed in a contract suit and recovered damages.  Palchick pleaded
and established that he fulfilled the condition precedent to recovery of
attorney=s fees by offering
Shami an opportunity to perform the contract before suit was filed.  See
Green Int=l Inc., 951 S.W.2d at
390.  Both the pleadings and the record establish proper presentment.

Palchick=s third amended
petition recited as follows: 

Pursuant to Texas
Civil Practice and Remedies Code Sections 38.001 and 38.002, Plaintiff would
show that he may recover his reasonable and necessary attorney=s fees incurred in
presenting and prosecuting the within suit.  To wit, the claim is one for
breach of oral contract as provided at Section 38.001(8) or services rendered
or labor performed pursuant to Section 38.001(1) and (2).  Timely demand for
payment was made and refused as required by Section 38.002.








Shami did not
challenge the filing of or the contents of Palchick=s third amended
petition.[7] 
Shami did not contest Palchick=s allegation that all conditions precedent
to the recovery of attorney=s fees were satisfied.  Shami cannot
complain for the first time on appeal about an asserted failure of
presentment.  See Landscape Design & Constr., Inc. v. Harold Thomas
Excavating, Inc., 604 S.W.2d 374, 378 (Tex. App.CDallas 1980, writ
ref=d n.r.e.)
(rejecting defendant=s argument there was no evidence of
presentment because it was not raised in the trial court); Trout v.
Patterson, No. B14-93-00149-CV, 1994 WL 151442, at *6 (Tex. App.CHouston [14th
Dist.] April 28, 1994, writ denied) (same).  








The presentment
requirement was satisfied on this record.  At trial, Shami offered into
evidence two e-mails from Palchick dated after the June 7, 2004 termination. 
In the first e-mail, dated June 9, 2004, Palchick demanded payment for
commissions on outstanding orders, for expenses incurred, and for commissions
owed.  Palchick offered to Adiscuss your intentions through my
attorney on a scheduled date.@  In the second e-mail, dated June 10,
2004, Palchick again demanded payment for expenses, compensation for late-paid
commissions, and compensation for underpaid commission checks.  Palchick
asserted that Shami had refused to sign commission checks presented to him by
Shami=s bookkeeper.  In
this June 10, 2004 e-mail, Palchick asked Shami to meet with Palchick and
Palchick=s attorney to
settle all outstanding accounts. The June 10, 2004 e-mail also references Aincoming orders.@  Palchick
testified during trial about repeated oral demands he made without success upon
Shami for payment of commissions due under the parties= oral contract. 
Shami=s bookkeeper,
Beverley Diaz, confirmed that Palchick had argued with Shami about the amount
on each occasion when the commission check was less than five percent and
requested additional payment.   These requests were denied.

This
correspondence and series of oral demands satisfies the presentment
requirement.  See Huff v. Fid. Union Life Ins. Co., 158 Tex. 433, 312
S.W.2d 493, 500 (1958) (sufficient presentment was made where Aoral demands and
the letter asserting plaintiff=s claims were made known to the defendant@).

With respect to
excessiveness, Shami cannot now contest attorney=s fees on grounds
that the contract damages Palchick recovered were less than those requested. 
In order to preserve an excessiveness challenge, Shami was required to (1)
plead excessive demand as an affirmative defense to the claim for attorney=s fees; and (2)
request and obtain findings of fact regarding the essential elements of
excessive demand.   See Kurtz, 158 S.W.3d at 21 (excessive demand is
affirmative defense that must be pleaded); Tuthill, 614 S.W.2d at 212 (excessive
demand is affirmative defense that must be pleaded, and the party asserting
excessive demand must request and obtain findings of fact on the essential
elements of excessive demand); Sanchez-O=Brien Oil & Gas Corp. v. Austin
Res. Corp., No.
14-96-00240-CV, 1998 WL 322686, at *3 n.3 (Tex. App.CHouston [14th Dist.] June 18, 1998,
pet. denied) (a party must plead excessive demand and then establish that the
opposing party acted in bad faith or unreasonably).  Shami did not plead
excessive demand as an affirmative defense in his live trial pleadings, and he
obtained no findings regarding unreasonableness or bad faith.

Shami=s second issue is overruled.

Attorney=s Fees Under the Lanham Act








Shami=s third issue contends that the trial
court erred in denying Shami recovery of attorney=s fees under the Lanham Act, 15
U.S.C. '1117(a), because this case
constitutes an Aextraordinary@ case.  Shami did not plead any claims under the Lanham Act,
nor were any Lanham Act claims tried by consent.[8] 
See Tex. R. Civ. P. Rule 67; Latch v. Gratty, Inc., 107 S.W.3d
543, 546 (Tex. 2003) (a trial court=s judgment may only be upheld if the
cause of action was pleaded or if the issue was tried by consent); Edinburg
Hosp. Auth. v. Trevino, 941 S.W.2d 76, 79 n.2 (Tex. 1997) (a cause of
action not alleged in the pleadings and not tried by consent is waived). 
Because Shami did not assert a claim under the Lanham Act, he cannot invoke
that statute as a basis for recovering attorney=s fees.

Shami=s third issue is overruled.

Conclusion 

The trial court=s judgment is affirmed.

 

 

/s/        William J. Boyce

Justice

 

 

Judgment rendered and Memorandum
Opinion filed March 18, 2008.

Panel consists of Chief Justice
Hedges, Justices Anderson and Boyce.









[1]  This is the word used by the trial court in its
Finding of Fact No. 11 dated December 19, 2006.





[2]  Although Shami pleaded both trademark infringement
and unfair competition, these claims are premised on the same underlying
contention B that Palchick improperly used trade names identical
or similar to those used by Shami. The contours of a trademark infringement
action under Texas common law track those of a federal trademark infringement
action.  See Zapata Corp. v. Zapata Trading Int=l, Inc., 841
S.W.2d 45, 47 (Tex. App.CHouston [14th Dist.] 1992, no writ). Shami sought both
damages and injunctive relief in his counterclaim.





[3]  A diversion corporation does not manufacture
products.  Rather, it buys products on the market and distributes them to
retail outlets.





[4]  Shami points to Plaintiff=s Exhibit 31 as evidence of customer confusion.  This
exhibit is an e-mail from Palchick to a former Beauty Elite customer.  In the
e-mail, Palchick tells the customer that Palchick no longer is affiliated with
Beauty Elite and offers to do business with the customer as a newly formed
entity, Beauty Signature Group LLC.  This exhibit is no evidence of customer
confusion regarding which entity Palchick represented.  When pressed on
cross-examination, Shami also named two individuals at two companies who he
contended had become confused by Palchick=s
use of the names. These individuals did not testify and were not deposed.





[5]  Palchick sought recovery for deficiencies in
commission payments on past sales and for commissions on future sales that had
not been delivered at the time of termination.  The commissions on past sales
were valued between $6,000 and nearly $35,000.  The commissions on future sales
were valued at nearly $150,000.  Shami combines these amounts and contends that
Palchick sought more than $180,000 in damages.  Shami does not challenge the
computation of the attorney=s fees themselves.





[6]  Shami conceded in the trial court that Palchick had
sought payment of past-due commissions.  In a June 10, 2004 e-mail, Palchick
requested payment of commissions on pending sales that had not been
consummated.





[7]  Palchick filed his third amended petition during
trial, and thus did not meet the deadline set forth in Texas Rule of Civil
Procedure 63.  Leave to file a late amended pleading is presumed when there is
evidence the petition was before the trial court, and when there is (1) no
indication that the trial court refused leave to file; and (2) no motion to
strike the amended petition due to surprise or prejudice. Goswami v. Metro.
Sav. & Loan Ass=n, 751 S.W.2d 487, 490 (Tex. 1988).  Shami did not
object to the petition when it was brought before the trial court, and the
Findings of Fact and Conclusions of Law affirmatively state they are based upon
the pleadings before the trial court.  See Wilson v. Korthauer, 21
S.W.3d 573, 578 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied) (when a final judgment states that the judgment is
based upon the pleadings filed therein, this establishes that the trial court
did not refuse to consider the amended petition); Dentler v. Perry, No.
04-02-00034-CV, 2002 WL 31557302, at *4 (Tex. App.CSan Antonio Nov. 20, 2002, no pet.) (even when the
final judgment does not affirmatively state that all pleadings were considered,
in the absence of evidence to the contrary, there is a presumption the trial
court considered the late-filed amended pleading).  Shami did not move to
strike the third amended petition. Therefore, we conclude that leave was
granted to file Palchick=s third amended petition, and that it is the operative
pleading. 





[8]  Neither the counterclaim of PetSilk Inc. nor Beauty
Elite Group Inc.=s counterclaim cites the Lanham Act. No claim under
the Lanham Act was tried by consent.  A claim is tried by consent when there is
an understanding by the parties that the issue is in the lawsuit, and evidence
is introduced at trial and not objected to by the other party.  See Frazier
v. Havens, 102 S.W.3d 406, 411 (Tex. App.CHouston [14th Dist.] 2003, no pet.)  (AA party=s unpleaded issue may be deemed tried by consent
when evidence on the issue is developed under circumstances indicating both
parties understood the issue was in the case, and the other party fails to make
an appropriate complaint@).  Trial by
consent generally does not apply if evidence supporting the unpleaded issue is
relevant to other issues raised in the pleadings.  Sage St. Assoc. v.
Northdale Constr. Co., 863 S.W.2d
438, 446 (Tex. 1993).
This record does not indicate an understanding that a Lanham Act claim was
being tried because evidence regarding similarity of marks was relevant to
Shami=s common law claims.