**DENY; and Opinion Filed October 4, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00774-CV

### IN RE RUTH TORRES, Relator

**Original Proceeding from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-08711**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Lang-Miers

In this original proceeding, relator Ruth Torres complains of an agreed temporary injunction signed September 13, 2016 and fifteen other orders signed between February 14, 2018 and June 7, 2018. Relator seeks a writ of mandamus directing the trial court to dissolve the agreed temporary injunction and vacate the other fifteen orders addressed in the petition. Relator also seeks a writ of prohibition and a writ of injunction. We deny the relief requested.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Based on the record before us, we conclude relator has not established her right to mandamus relief as to any of the orders at issue. We, therefore, deny relator's petition for writ of mandamus.

A writ of prohibition is used to protect the subject matter of an appeal or to prohibit an unlawful interference with enforcement of an appellate court's judgment. *Holloway v. Fifth Court*

*of Appeals*, 767 S.W.2d 680, 683 (Tex.1989) (orig. proceeding). The writ is designed to operate like an injunction issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *Id.* at 682–83. This Court may issue a writ of prohibition in only limited circumstances, none of which are present here. *In re Bolton*, No. 05-10-01115-CV, 2010 WL 4011041, at *1 (Tex. App.—Dallas Oct. 14, 2010, orig. proceeding) (mem. op.); *Humble Expl. Co., Inc. v. Walker*, 641 S.W.2d 941, 943 (Tex. App.—Dallas 1982, no writ).

Here, relator seeks a writ of prohibition that would prohibit the trial court from (1) ordering removal, alteration or destruction of documents in the record or in any party's possession, (2) finding contempt based on the temporary injunction or confidentiality order (3) engaging in ex-parte communications with any party on substantive issues, (4) admitting or using relator's privileged communications with her clergy, (5) infringing on relator's rights of freedom of speech and religion, and (6) ordering relator or her entities in default. Relator argues that the trial court's rulings have infringed on her rights of freedom of speech and freedom of religion and have permitted witness tampering and spoliation of evidence. Based on the record before us, we conclude relator has not established a basis for the issuance of a writ of prohibition. Relator has not shown that any actions by the trial court are interfering with this proceeding or any of relator's other pending appeals. Accordingly, we deny relator's petition for writ of prohibition.

Finally, relator seeks a writ of injunction to enjoin the real parties in interest from filing litigation against potential witnesses, from filing new claims against relators, from tampering with witnesses or spoliation of evidence, or from infringing on relator's rights to freedom of speech and religion. The courts of appeals have limited injunctive powers. "Each court of appeals ... may issue ... all ... writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a) (West Supp. 2017). A court of appeals does not have "original jurisdiction to grant writs of injunction, except to protect its jurisdiction over the subject matter of a pending appeal, or to

prevent an unlawful interference with the enforcement of its judgments and decrees." *Ott v. Bell*, 606 S.W.2d 955, 957 (Tex. Civ. App.—Waco 1980, no writ). Here, relator has not shown that a writ of injunction is necessary to protect our jurisdiction over a pending appeal in this Court or to prevent the interference with the enforcement of one of this Court's judgments. Accordingly, we deny relator's petition for writ of injunction.

Based on the record before us, we conclude relator has not shown she is entitled to the relief requested as to any of the orders of which she complains. Accordingly, we deny relator's petition for writ of mandamus, petition for writ of prohibition, and petition for writ of injunction. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE


180774F.P05