**DENY; and Opinion Filed June 4, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00600-CV

### IN RE WILLIAM BIRCHETT, Relator

**Original Proceeding from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC19-06941**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Reichek
Opinion by Justice Schenck

In this original proceeding, relator "seeks mandamus relief and an emergency hearing of the lower court's denial of a TRO and injunction sought to prevent the destruction of evidence and a request for injunctive relief to prevent the City from destroying evidence." Relator states that the trial court ruled below that "it did not have the authority to issue an injunction preventing spoliation of evidence." Relator has not, however, provided this Court with certified or sworn copies of any pleadings or motions filed in the trial court or of the trial court's order from which he seeks relief. Relator asks this Court to "find that a Court has authority to enjoin spoliation of evidence, find that Plaintiff has demonstrated the required basis for injunctive relief, and issue an injunction." We construe this as a request for a writ of mandamus and a writ of injunction.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Based on the record before us, we

conclude relator has not established his right to mandamus relief. We, therefore, deny relator's petition for writ of mandamus.

Relator also seeks a writ of injunction to enjoin the real party in interest from destroying evidence. "Each court of appeals ... may issue ... all ... writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a). A court of appeals does not have "original jurisdiction to grant writs of injunction, except to protect its jurisdiction over the subject matter of a pending appeal, or to prevent an unlawful interference with the enforcement of its judgments and decrees." *In re Torres*, No. 05-18-00774-CV, 2018 WL 4784580, at \*1 (Tex. App.—Dallas Oct. 4, 2018, orig. proceeding) (mem. op.) (quoting *Ott v. Bell*, 606 S.W.2d 955, 957 (Tex. App.—Waco 1980, no writ)). Here, relator has not shown that a writ of injunction is necessary to protect our jurisdiction over a pending appeal in this Court or to prevent the interference with the enforcement of one of this Court's judgments. Accordingly, we deny relator's petition for writ of injunction.

Based on the record before us, we conclude relator has not shown he is entitled to the relief requested. Accordingly, we deny relator's petition for writ of mandamus and petition for writ of injunction. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/David J. Schenck/

DAVID J. SCHENCK
JUSTICE

190600F.P05

–2–