**DENY and Opinion Filed January 7, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01142-CV**

**IN RE MINH T. NGUYEN AND THAO THIEN, Relators**

**Original Proceeding from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-04280-2020**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Myers

In this original proceeding, relators seek a writ of injunction preventing enforcement of the homeowners association's prohibition against short-term rentals pending resolution of their appeal from the final judgment declaring that the prohibition is valid and enforceable. Also before the Court is relator's motion to enforce the supersedeas order, and, in the alternative, seek temporary relief that would have the effect of preventing the homeowners association's enforcement of the prohibition against short-term rentals pending resolution of the original proceeding and appeal. We deny the petition for writ of injunction, deny the motion to enforce the supersedeas order, and deny the request for temporary relief.

"Each court of appeals . . . may issue . . . all . . . writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE § 22.221(a). A court of appeals does not have "original jurisdiction to grant writs of injunction, except to protect its jurisdiction over the subject matter of a pending appeal, or to prevent an unlawful interference with the enforcement of its judgments and decrees." *In re Torres*, No. 05-18-00774-CV, 2018 WL 4784580, at *1 (Tex. App.—Dallas Oct. 4, 2018, orig. proceeding) (mem. op.) (quoting *Ott v. Bell*, 606 S.W.2d 955, 957 (Tex. App.—Waco 1980, no writ)). "The threat of jurisdictional interference must be real; the writ will not issue to prevent the mere possibility of interference." *In re Blackard*, No. 05-16-00470-CV, 2016 WL 1756843, at *1 (Tex. App.—Dallas Apr. 29, 2016, orig. proceeding) (mem. op.). Based on the record before us, we conclude that relators have failed to demonstrate their entitlement to a writ of injunction.

We also deny the motion to enforce the supersedeas order. After reviewing the record, we conclude that superseding the final judgment does not have the effect of granting injunctive relief to prevent the homeowners association from enforcing its prohibition against short-term rentals. *See In re 2999 TC Acquisitions, LLC*, No. 05-20-00777-CV, 2020 WL 6696369 (Tex. App.—Dallas Nov. 13, 2020, orig. proceeding) (mem. op.) (superseding denial of temporary injunction would not have the effect of granting injunctive relief).

Finally, we deny the request for temporary relief. Based on the record before us, we conclude that relators have failed to show their entitlement to such relief.

/Lana Myers/

LANA MYERS
JUSTICE