Earl L. CALDWELL, Jr., Relator,

v.

Honorable James R. MEYERS et al.,
Respondents.

No. 11733.

Court of Civil Appeals of Texas.

Austin.

Oct. 29, 1969.

Rehearing Denied Nov. 19, 1969.

Carr, Osorio, Palmer, Dickson, Long &
Coleman, William Dickson, Austin, for
relator.

David L. Tisinger, Austin, for respondents.

PHILLIPS, Chief Justice.

Relator filed a motion in this Court for
leave to file a Petition for a Writ of Pro-
hibition. The petition seeks to prohibit
respondents (the plaintiffs in the court be-
low) from filing or prosecuting any suits
or motions attempting to adjudicate the
property rights of the parties without a
trial upon the merits and in contravention
of the temporary injunction order issued
in cause No. 174,776, styled E. G. Kings-
bery et al. v. Earl L. Caldwell, Jr., which
order is now on appeal to this Court. Rela-
tor also prayed that such writ be made ap-
plicable to the Honorable James R. Meyers,
judge of the district court where respond-
ent plaintiffs originally brought their case
asking that said judge be commanded to
cease and desist from taking any action
attempting to adjudicate the property rights
of the parties without a trial upon the
merits and in contravention of the tempo-
rary injunction order issued in the above
styled and numbered cause in the district
court, which order is now on appeal to this
Court.

We granted relator's motion for leave
to file and the case was argued by the
parties hereto.

We grant Relator's Petition for a Writ
of Prohibition.

Respondent plaintiffs brought suit in the
court below asking for a temporary re-
straining order, temporary injunction,
stockholders' bill, permanent injunction,

damages and declaratory judgment against the relator who has been the President and General Manager of the C.T.K. Corporation. Respondent plaintiffs alleged in their petition that relator had been ousted from the above-mentioned office and position in the corporation by the board of directors for his manifest inability to properly perform his corporate duties; that he refuses to recognize his removal, continues to write checks thereby diverting certain funds from the company bank account and has misapplied such funds; that he refused to produce the check book and misstated the cash on hand; that plaintiff respondents fear that, unless restrained, relator will cause immediate and irreparable injury, loss and damage to plaintiff respondents by continuing to write checks, continuing to hold the company books, etc.

Whereupon the court issued an order restraining relator from writing company checks, using company money, from denying access to an inspection and photographing of company books and financial records. The court further ordered that plaintiff respondents' application for an order directing the holding of a directors' and stockholders' meeting be granted and named a date for said meeting. That said meeting would be held for the purpose of considering the removal of relator from his office in the corporation.

The court further ordered and decreed that defendant relator's and cross-plaintiffs' request for injunctive relief be denied.

Consequently, relator perfected his appeal from this order to this Court.

After relator gave his timely notice of appeal respondent plaintiffs filed a motion in the trial court to require defendant to turn over books, records, contracts, automobile and other personal property items belonging to the corporation. This motion went on to recite that relator had been ousted as an officer and director of the C.T.K. Corporation, that he was withholding the books and records, all of which should be returned to the C.T.K. Corporation forthwith in order that the business of such Corporation may not be hampered. That relator is presently driving an automobile owned by the C.T.K. Corporation, that relator had no right, title or interest in the car and should be required to turn it over to respondent plaintiffs.

The motion then asks the Court for an immediate hearing and that upon hearing the relator be ordered to return the above-described papers, documents, books, records and automobile to the C.T.K. Corporation, its officers and agents.

◼ It is readily ascertainable from the order appealed that the fact of the presidency of the corporation and the general managership is in question, thus raising the concomitant question of authority to possess the books, papers and records of the corporation. These questions are now before us and the trial court is without jurisdiction to reassess them.

◼ Relator perfected his appeal from the order entered by the court on September 18, 1969, Rule 385, Texas Rules of Civil Procedure. By perfecting his appeal from this order all jurisdiction of the trial court insofar as the temporary injunction is concerned, ceases and jurisdiction is transferred to this Court.

While Judge Meyers has not ruled on the motion nor has he indicated what his ruling would be since, in our opinion, the motion, if granted, would entrench upon our appellate jurisdiction, the motion should not be heard. Panhandle Const. Co. v. Lindsey, 123 Tex. 613, 72 S.W.2d 1068 (1934); Blum v. Wettermark, 58 Tex. 125.

Relator's Petition for a Writ of Prohibition to stay the proceeding in question is granted; however, as we anticipate that the trial court will proceed as directed, the writ will not issue at this time.

Petition granted.