John P. PARSONS, Credit Union Commissioner of Texas, Appellant,

v.

GALVESTON COUNTY EMPLOYEES CREDIT UNION, Appellee.

No. 17297.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 1, 1978.

John L. Hill, Atty. Gen. of Texas, Thomas M. Pollan, Thomas A. Rutledge, Asst. Atty. Gen., Austin, for appellant.

Richard Thornton, Galveston, for appellee.

PEDEN, Justice.

The Credit Union Commissioner of Texas (Commissioner) has petitioned us for a stay during the pendency of an appeal from the granting of a temporary mandatory injunction ordering the Commissioner to surrender to the Galveston County Employees Credit Union all its records, properties and funds in his possession and authorizing the Credit Union to resume operations. The trial judge's order, entered on August 21, 1978, (and apparently signed the same day) declared the Texas Credit Union Act unconstitutional, required no bond as a condition for issuance of the injunction, denied the motion to disqualify himself, and overruled the Commissioner's plea of privilege to be sued in Travis County. We grant the stay.

■ Article 1823 of Vernon's Texas Civil Statutes provides that courts of civil appeals may issue "writs necessary to enforce the jurisdiction of said courts." Under this statute we have no power to issue original writs solely to protect a party from damage pending appeal, but we may grant them to preserve the subject matter pending appeal and prevent the case from becoming moot. *General Telephone Co. of the Southwest v.*

*City of Garland*, 522 S.W.2d 732 (Tex.Civ. App.1975, no writ).

█ After the Commissioner had initiated other procedures under the Texas Credit Union Act, Article 2461–5.09, and the Administrative Procedure Act, Article 6252–13a, he executed orders on June 30, 1978, suspending the business operations of the Credit Union and removing its president from office. The suspension order stated that it was issued because it had been determined that the affairs of the Credit Union were being conducted in an unauthorized, unsafe, and unlawful manner. This court has no information as to the accuracy or inaccuracy of these charges. The Commissioner took possession of the business, records, assets, and property of the Credit Union (he asserts that he still holds them) and set further proceedings under the Administrative Procedure Act for a hearing on July 11.

On July 3, Judge Ed Harris issued a temporary restraining order enjoining the Commissioner from proceeding with his suspension and removal orders, and on August 21, after a hearing, entered an order converting the temporary restraining order into the temporary injunction in question. As we have noted, the August 21 order permits the Credit Union to take possession of its business and assets and to resume full business operations. Clearly, this would result in changes in condition of the accounts in the Credit Union, since it will, in carrying out its operations, allow withdrawals, incur liabilities, declare dividends and complete other transactions in the course of its business. Such transactions will change or destroy the subject matter of this appeal, making it likely to become at least partially moot by the time its final disposition is reached. Therefore, we grant the stay to preserve the jurisdiction of this court.

One other matter must be noticed.

█ On August 28, 1978, after the Commissioner had perfected an appeal to this court from the trial court's August 21 order by giving notice of appeal on the same day, the trial judge entered another order. It supplemented and amended his August 21 order so as to place supervision over operation of the Credit Union in the trial court. Unfortunately, it came too late. The perfection of an appeal from an order granting a temporary injunction terminates the jurisdiction of the trial court insofar as the temporary injunction is concerned. 4 Tex.Jur.2d Rev. Part 1, 168, Appeal & Error—Civil Cases § 323, citing *Caldwell v. Meyers*, 446 S.W.2d 709 (Tex.Civ.App.1969, no writ); *Hyatt v. Mercury Life & Health Co.*, 202 S.W.2d 325 (Tex.Civ.App.1947, no writ). An amended temporary injunction entered after appeal has been perfected will be stricken. *City of Corpus Christi v. Lone Star Fish and Oyster Co.*, 335 S.W.2d 621 (Tex.Civ.App.1960, no writ).

The temporary injunction granted by the trial court on August 21 is stayed pending this appeal.