**Jordan D. REEVES, Appellant,**

v.

**CITY OF DALLAS, Appellee.**

No. 05–01–00356–CV.

Court of Appeals of Texas, Dallas.

May 7, 2001.

Rehearing Overruled June 26, 2001.

Russell Wilson, Dallas, for appellant.

John Lomax Anderson, Asst. City Atty., Dallas, for appellee.

Before Chief Justice THOMAS, and Justices MORRIS and O'NEILL.

## OPINION

Opinion By Chief Justice THOMAS.

The City of Dallas filed a petition against Jordan D. Reeves[1] alleging he habitually uses certain real property located in Dallas, Texas for the delivery or use of controlled substances, making the property a public and common nuisance. The City requested relief under chapter 125 of the Texas Civil Practice & Remedies Code, including a temporary restraining order, temporary injunction, and permanent injunction.

On January 31, 2001, the trial court issued a temporary restraining order against Reeves's use of the property and set a hearing for the temporary injunction. On February 12, 2001, after hearing the evidence and argument of counsel, Judge

---

1. Frederick B. Reeves is also named in the petition; however, he is not a party to this appeal.

M. Kent Sims [2] signed a temporary injunction against Reeves's use of the property (the February injunction). Reeves filed a notice of appeal of the February injunction.

While the February injunction appeal was pending, Judge Margaret Keliher [3] signed a new temporary injunction on March 21, 2001(the March injunction). Although the March injunction vacates the February injunction, it grants essentially the same relief. Additionally, the March injunction changed the date for Reeves to file his bond and added a setting for a trial on the merits. [4] On April 10, Judge Keliher also signed an order allowing Reeves to make monthly payments to satisfy the bond requirement of the March injunction (the April order).

Reeves asserts the trial court erred in entering the February and March injunctions because (1) the judge who signed the March injunction is not the judge who heard the evidence in February and (2) the March injunction does not sufficiently state the facts on which it is based as required by rule 683 of the Texas Rules of Civil Procedure.

A temporary injunction is an appealable interlocutory order. Tex.Civ. Prac. & Rem.Code Ann. § 51.014(a)(4) (Vernon 2001). While an interlocutory appeal is pending, the trial court retains jurisdiction to dissolve the order appealed and to proceed to trial on the merits. Tex. R.App.P. 29.5. But a trial court cannot make any order which "interferes with or impairs the jurisdiction of the appellate court or the effectiveness of any relief sought or that may be granted on appeal"

while the interlocutory appeal is pending. Tex.R.App.P. 29.5(b).

After Reeves appealed the February injunction, the trial court entered the March injunction, the first paragraph of which vacates the previous injunction. We conclude the trial court was permitted under rule 29.5 of the Texas Rules of Appellate Procedure to take this action. The vacating of the February injunction renders the appeal of it moot. Consequently, we conclude any error asserted as to the February order is moot.

The remainder of the March injunction issues a new temporary injunction, and the April order alters the bond payment required by the March injunction. The appeal of a temporary injunction terminates the jurisdiction of the trial court as to the merits of the temporary injunction. *See Parsons v. Galveston County Employees Credit Union*, 576 S.W.2d 99, 100 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). "An amended temporary injunction entered after an appeal has been perfected will be stricken." *Id.* In this case, the trial court entered the March injunction and the April order while this appeal was pending. We conclude the March injunction, except for the first paragraph, and the April order are determinations of the merits of the temporary injunction while the February injunction was pending on appeal. Thus, we conclude the March injunction, except for the first paragraph that vacated the February injunction, and the April order were issued without authority and must be stricken. Additionally, we conclude the March injunction again, except for the first paragraph, and the April order inter-

---

**2.** Judge Sims was a visiting judge sitting by assignment in the 44th District Court.

**3.** Judge Keliher is the sitting judge of the 44th District Court.

**4.** The February injunction did not include a setting for trial on the merits.

feres with or impairs our jurisdiction and the effectiveness of any relief sought from, or that may be granted, by this Court. *See Childers v. Pettengill,* 696 S.W.2d 206, 208 (Tex.App.—Dallas 1985, no writ).

Accordingly, except for the first paragraph, we **VACATE** the March 21, 2001 temporary injunction, and the April 10, 2001 order. And, we **DISMISS** the appeal as moot on all issues pertaining to the February 12, 2001 temporary injunction.