COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
 2-07-217-CV

        2-07-218-CV

 

 

IN RE THE ESTATE OF 

ELIZABETH L. WEBB, DECEASED

 



                                                 AND

 

                                        NO.  2-07-219-CV

 

 

IN RE
THE ESTATE OF 

HARLEY
D. WEBB, JR., DECEASED

 

 

                                              ------------

 

               FROM
PROBATE COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Richard L. Page
appeals from trial court orders striking his pleas in intervention in three
related probate cases.  He filed his notices
of appeal on June 22, 2007.  On the same
day, he filed motions for emergency relief in each appeal, asking this court to
issue a writ of prohibition to prevent the trial court from conducting a
hearing on a family settlement agreement in the three probate cases on June
22.  On our own motion, we stayed further
proceedings in the trial court to protect our jurisdiction.

On July 9, 2007, we notified
the parties by letter of our concern that the court might lack jurisdiction
over the appeals because while the trial court=s orders striking Appellant=s pleas in intervention ordered the pleas severed from the rest of the
cases, the trial court had not assigned new cause numbers to the severed cases,
thus rendering the appeals interlocutory. 
After we sent our jurisdiction letter, the trial court vacated its
orders striking Appellant=s pleas in
intervention in all three cases and signed new orders striking the pleas in two
of the cases, this time severing the pleas and assigning new cause numbers to
them (the trial court did not sign a new order in the third case because
Appellant had not filed a plea in intervention in that case).  On July 31, 2007, Appellant filed new notices
of appeal in the severed causes of action.








Because the trial court
vacated the orders from which Appellant appeals in these three appeals, these
three appeals are moot.  See Reeves v.
City Of Dallas, 68 S.W.3d 58, 60 (Tex. App.CDallas 2001, pet. denied) (dismissing as moot appeal from trial court
order after trial court vacated the first order and issued a second
order).  Moreover, Appellant has filed
notices of appeal from the trial court=s two new orders.  Therefore, we
vacate our stay order of June 22, 2007,[2]
and dismiss these three appeals.  See
id.; Tex. R. App. P. 43.2(f).

PER CURIAM

 

PANEL M:   GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

 

DELIVERED:  September 20, 2007











[1]See Tex. R. App. P. 47.4.





[2]We
are simultaneously issuing a stay order to protect our jurisdiction in the two
new appeals, 02-07-00302-CV and 02-07-00304-CV.