COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      The Board of Trustees of the Houston Firefighters Relief and
                          Retirement Fund v. The City of Houston

Appellate case number:    01-12-01167-CV

Trial court case number:  2012-28760

Trial court:              189th District Court of Harris County

Appellant, the Board of Trustees of the Houston Firefighters Relief and Retirement Fund (Board), has filed a "Motion to Continue Suspension of Enforcement of Judgment," requesting that we allow the trial court's order suspending enforcement of its judgment to remain in effect pending the outcome of this appeal. Appellee, the City of Houston (Houston), opposes the Board's request. We grant the motion and stay enforcement of the trial court's judgment pending the resolution of this appeal.

On May 16, 2012, Houston filed a petition for writ of mandamus against the Board, seeking information necessary for Houston to conduct an audit required by section 802.1012 of the Texas Government Code. The Board contested the petition on numerous grounds. On December 21, 2012, the trial court granted Houston's motion for summary judgment and "ordered that a writ of mandamus issue directing the Board to provide and disclose to the independent actuary . . . all information and/or electronic data (including all 'census data') requested by the independent actuary in the audit." On the same day, in response to the Board's emergency motion to stay the order of mandamus, the trial court suspended enforcement of its judgment and order of mandamus. The suspension was to last for seven days, unless the Board filed a notice of appeal and a motion to suspend enforcement in this Court, in which case the suspension would remain in effect pending our decision on the motion to suspend enforcement.

The Board filed a notice of appeal on December 27, 2012 and a "Motion to Continue Suspension of Enforcement of Judgment" on December 28, 2012. In the motion, the Board states that it is challenging the trial court's judgment and order of mandamus and argues that (1) suspension of the order is necessary to protect this Court's jurisdiction, because enforcement of the trial court's order will render any appeal moot, and (2) the Board is entitled to supersede the judgment under the rules of appellate procedure, because the information subject to the writ of mandamus is confidential, its disclosure will cause irreparable harm to the Board, and Houston has failed to allege that it will suffer pecuniary harm or actual damage from the

suspension of the judgment. Houston responds that the trial court ordered disclosure of the requested information, the information will remain confidential after its disclosure, Houston will be harmed by a suspension of the order because any delay in disclosure prejudices Houston's ability to comply with the statutory deadline for completing the required audit, and the trial court's order of suspension is void because it did not require the payment of a bond. On January 30, 2013, we issued an order carrying the Board's motion with the case until a record containing the documents necessary for us to review the suspension order was filed.

On March 18, 2013, Houston filed a "Motion for an Expedited Ruling on Appellant's Motion to Continue Suspension of Enforcement of Judgment." Although the reporter's record had not been filed, Houston argued that the clerk's record contained sufficient information for this Court to rule on the "Motion to Continue Suspension of Enforcement of Judgment" filed by the Board. In response, the Board argued that this Court should wait to rule on its motion to continue suspension of enforcement of the judgment until the full record had been filed.

The complete appellate record has been filed. Accordingly, we DISMISS Houston's "Motion for an Expedited Ruling on Appellant's Motion to Continue Suspension of Enforcement of Judgment" as moot, and we will now consider the Board's "Motion to Continue Suspension of Enforcement of Judgment."

A trial court's judgment may be suspended by filing a sufficient bond or by "providing alternate security ordered by the court." TEX. R. APP. P. 24.1(a)(2), (4). In cases involving judgments in favor of governmental entities in which the entity has no pecuniary interest, the trial court must determine whether to suspend enforcement of the judgment with or without security, taking into account the harm that will occur to the judgment debtor if enforcement is not suspended and the harm that will occur to others if enforcement is suspended. *See id.* 24.2(a)(5). The appellate court may then review the trial court's determination and either refuse to suspend the judgment or suspend enforcement of the judgment with or without security. *See id.* And, on proper motion of a party, an appellate court may review the amount and type of security required by the trial court and the trial court's decision as to whether to permit suspension of enforcement. *See id.* 24.4(a).

Here, the trial court issued a judgment in favor of a governmental entity, the City of Houston. Houston has no pecuniary interest in the judgment. Therefore, the trial court was authorized to suspend enforcement of its judgment without security, and the order suspending enforcement was not void. *See* TEX. R. APP. P. 24.2(a)(5).

The trial court's judgment contains a writ of mandamus, ordering the Board to disclose information to an independent actuary. The Board's appeal from the judgment is predicated upon its argument that at least some of the information subject to the trial court's order is confidential and not subject to disclosure. If the trial court's order is enforced and the information is disclosed, the "question of the legality of the court's order would become an academic one, and the objection to the order would be moot." *Crane v. Tunks*, 328 S.W.2d 434, 439 (Tex. 1959), *overruled on other grounds by Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992); *see Walker*, 827 S.W.2d at 843. Therefore, if the trial court's order is not suspended, the Board will be harmed, because it will lose its right to appeal from the trial court's order. *See Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 659 (Tex. 1992) ("The loss of the right to appeal is clearly an imminent and irreparable harm to the judicial process.").

Houston, however, has alleged only that suspension of enforcement will "prejudice—or even deny—Houston's ability to complete the legislatively-mandated actuarial audit." In light of these considerations and in order to allow the Board to exercise its right to appeal the trial court's judgment, we agree with the trial court that suspending enforcement of the judgment without security was appropriate in this case. *See* TEX. R. APP. P. 24.2(a)(5), 24.4(a).

Further, we may issue orders to protect our jurisdiction over an appeal. *See Dallas Morning News*, 842 S.W.2d at 657–58; *Becker v. Becker*, 639 S.W.2d 23, 24 (Tex. App.—Houston [1st Dist.] 1984, no writ); *Parsons v. Galveston County Emp. Credit Union*, 576 S.W.2d 99, 99 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ). If the trial court's order is enforced, the Board will be required to disclose the information at issue in this case to an independent actuary. And, contrary to Houston's assertions, once the information is disclosed, it will no longer be protected or confidential, at least insofar as the independent actuary is concerned. Therefore, because the Board's appeal is predicated upon an argument that the information the trial court ordered to be disclosed is confidential and not subject to disclosure under the statute, once the judgment is enforced this Court will be unable to provide any relief to the Board, and this appeal will be moot. *See Crane*, 328 S.W.2d at 439; *see also Walker*, 827 S.W.2d at 843.

Accordingly, we GRANT the Board's motion to continue suspension of enforcement of judgment and ORDER that the trial court's judgment and order of mandamus remain suspended, without security, pending the resolution of this appeal.

It is so ORDERED.

Judge's signature: /s/ Jim Sharp
    X  Acting individually    ☐ Acting for the Court

Date: May 15, 2013

3