COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Kathy Shaw v. Juanita Cesar Worrell

Appellate case number:      01-15-00165-CV

Trial court case number:    1056379

Trial court:                County Civil Court at Law No. 1 of Harris County

On February 19, 2015, appellant, Kathy Shaw, proceeding *pro se*, filed a notice of appeal in the trial court from the final judgment, signed on January 12, 2015. The trial court's final judgment set a $10,000.00 supersedeas bond and permitted a writ of possession to be issued in this forcible detainer action if the appellant had not vacated the premises by January 31, 2015. On April 15, 2015, appellant filed an emergency motion for stay of execution, requesting that this Court stay execution of the judgment and allow appellant to stay in the premises until April 26, 2015, pending resolution of her appeal, because she and her son have no other place to live at this time and because she already paid $716.00 for the supersedeas bond on February 12, 2015.

We have jurisdiction to issue writs only as necessary to enforce and protect our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a) (West Supp. 2014). We may not, however, issue an injunction on wholly equitable grounds or to preserve the status quo or to protect a party from damage pending appeal. *See Parsons v. Galveston County Emp. Credit Union*, 576 S.W.2d 99, 99 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ).

Further, we may not stay the judgment of a county court in an eviction suit pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. *See* TEX. PROP. CODE ANN. § 24.007(a) (West Supp. 2014); *Phillips v. Branch Banking & Trust Co.*, No. 03-11-00461-CV, 2012 WL 424875, at *1 (Tex. App.—Austin, Feb. 1, 2012, order). On March 16, 2015, the trial clerk filed a notice stating that appellant had failed to pay the $23.00 fee for preparing the clerk's record in this case, which has yet to be filed in this Court. However, appellant's emergency motion states that she paid $716.00 for the supersedeas bond on February 12, 2015. Thus, based on the documents filed in this Court, there is no indication that appellant posted the $10,000.00 supersedeas bond set by the trial court

within 10 days of the signing of the January 12, 2015 final judgment, which was January 22, 2015.

Accordingly, we **deny** appellant's emergency motion for stay of execution of the judgment.

It is so ORDERED.

Judge's signature:    /s/ Evelyn V. Keyes
                      ☑ Acting individually    ☐ Acting for the Court

Date:  April 16, 2015