COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          Marcy Lerch v. Wilmington Trust NA Successor Trustee for
                              the Merrill Lynch Mortgage Investor Trust Series 2006-HE5

Appellate case number:        01-15-00505-CV

Trial court case number:      15-CCV-054652

Trial court:                  County Court at Law No. 1 of Fort Bend County

On June 2, 2015, appellant, Marcy Lerch, filed a notice of appeal in the trial court from the final judgment, signed on April 21, 2015, and the order denying her motion to stay enforcement of the writ of possession and reconsideration of the April 21st order, signed on May 21, 2015. On June 8, 2015, appellant filed an application for temporary restraining order, temporary injunction and permanent injunction, requesting a stay of the execution of the writ of possession to preserve the status quo, among other reasons, pending resolution of her appeal.

We have jurisdiction to issue writs only as necessary to enforce and protect our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a) (West Supp. 2014). We may not, however, issue an injunction on wholly equitable grounds or to preserve the status quo or to protect a party from damage pending appeal. *See Parsons v. Galveston County Emp. Credit Union*, 576 S.W.2d 99, 99 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ).

Further, we may not stay the judgment of a county court in an eviction suit pending appeal unless, within ten days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. *See* TEX. PROP. CODE ANN. § 24.007(a) (West Supp. 2014); *Phillips v. Branch Banking & Trust Co.*, No. 03-11-00461-CV, 2012 WL 424875, at *1 (Tex. App.—Austin, Feb. 1, 2012, order). Based only on the documents filed in this Court, with the appellant's notice of appeal and motion, there is no indication what the supersedeas bond amount was as set by the trial court or that appellant posted that bond amount within ten days of the signing of the April 21, 2015 final judgment.

Accordingly, we **deny** appellant's application for a temporary restraining order, temporary injunction and permanent injunction, requesting a stay of execution of the writ of possession.

It is so ORDERED.


Judge's signature:    /s/ Laura C. Higley
                          ☒  Acting individually

Date:  June 11, 2015