COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTION

Appellate case name:        Devon Wilmington v. Bay Area Utilities, LLC

Appellate case number:     01-15-00663-CV

Trial court case number:    1057183

Trial court:                County Civil Court at Law No. 3 of Harris County

On July 29, 2015, appellant, Devon Wilmington, proceeding *pro se*, filed a notice of appeal in the county court from the final judgment, signed on July 27, 2015. The county court's final judgment granted the appellee, Bay Area Utilities, LLC, entitlement to a writ of possession for the premises in this forcible detainer action, but did not set a supersedeas bond amount. On August 5, 2015, appellant filed a motion to proceed *in forma pauperis* with an affidavit of indigency, which both the appellee and the county clerk contested. On August 11, 2015, after a hearing, the county court signed a judgment and order sustaining the contest to pauper's oath by the appellee, and set the supersedeas bond amount at $15,000.00.

On August 17, 2015, appellant filed a "Petition for Writ of Supersedeas and Motion for Temporary Stay of Execution of Judgment." Appellant requests that this Court issue an order temporarily staying the enforcement of the county court's July 27, 2015 final judgment, for execution of the writ of possession, and the August 11, 2015 order which set a $15,000 supersedeas bond amount. Appellant contends that a stay is necessary, among other reasons, to preserve the status quo pending resolution of her appeal, and that a stay is permitted under Texas Civil Practice and Remedies Code Section 52.006 and Texas Rule of Appellate Procedure 24(a)(1)(A) because she is unable to pay the supersedeas bond amount.

We have jurisdiction to issue writs only as necessary to enforce and protect our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a) (West Supp. 2014). We may not, however, issue an injunction on wholly equitable grounds or to preserve the status quo or to protect a party from damage pending appeal. *See Parsons v. Galveston County Emp. Credit Union*, 576 S.W.2d 99, 99 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ).

Further, we may not stay the judgment of a county court in an eviction suit pending appeal unless, within ten days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. *See* TEX. PROP. CODE ANN. § 24.007(a) (West Supp. 2014); *Phillips v. Branch Banking & Trust Co.*, No. 03-11-00461-CV, 2012 WL 424875, at *1 (Tex. App.—Austin, Feb. 1, 2012, order). "Thus, if a proper supersedeas bond is not filed, the judgment may be enforced, including issuance of a writ of possession evicting the tenant from the premises." *Marshall v. Hous. Auth. Of the City of San Antonio*, 198 S.W.3d 782, 786 (Tex. 2006). However, failure to supersede the judgment does not divest an appellant of the right to appeal from a forcible detainer action. *See id.* at 786–87. Based on the documents filed in this Court, with the appellant's petition and motion for stay, and the clerk's record and indigent clerk's record filed on August 14, 2015, there are no documents indicating that appellant posted the $15,000.00 bond amount within ten days of the signing of the August 11, 2015 order setting the supersedeas bond amount.

To the extent appellant claims that this Court can issue a stay of the writ of possession under Section 52.006 of the Civil Practice and Remedies Code, that section provides the trial court, not this Court, with criteria for setting the amount of security for *money* judgments, not for a judgment involving real property, as here. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006 (West Supp. 2014); *see also Mason v. Wells Fargo Bank, N.A.*, No. 05-12-01590-CV, 2013 WL 5948077, at *6 (Tex. App.—Dallas, Nov. 5, 2013, no pet.) (mem. op.) (rejecting argument that section 52.006 of Civil Practice and Remedies Code allows for appellate review of supersedeas bond that was set by trial court in a forcible detainer case under section 24.0052 of Texas Property Code). Similarly, Rule 24(a)(1)(A) deals with monetary judgments, not for when the judgment is for an interest in real property arising from a forcible detainer case, as here, which is controlled by Property Code Section 24.007(a). *See* TEX. PROP. CODE ANN. § 24.007(a); TEX. R. APP. P. 24(a)(1).

Accordingly, we **deny** appellant's petition for writ of supersedeas and motion for temporary stay of execution of judgment, requesting a stay of execution of the writ of possession.

It is so ORDERED.


Judge's signature:    /s/ Laura C. Higley
                      ☒  Acting individually

Date: August  25, 2015

2