

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-16-00038-CV**


JOSEPH COLEMAN MCDOWELL,        APPELLANTS
JR. AND SAFE PARKING, LTD.

V.

MARY PATRICIA MCDOWELL AND       APPELLEES
CMP FAMILY LIMITED
PARTNERSHIP

-----------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 15-01289-362

----------

## MEMORANDUM OPINION[1]

----------

Appellants Joseph Coleman McDowell, Jr. and Safe Parking, Ltd. brought an appeal from the trial court's temporary injunction in favor of appellees Mary Patricia McDowell and CMP Family Limited Partnership. We dismiss the appeal as moot.

---

[1]*See* Tex. R. App. P. 47.4.

In January 2016, the trial court signed a temporary injunction that ordered appellants to refrain from certain financial acts. Appellants brought this accelerated appeal.[2] While this appeal was pending, appellees filed an emergency motion for the court to modify the injunction. In May 2016, the trial court signed a "Modified Temporary Injunction." The May 2016 order recited that the "January 22, 2016 Temporary Injunction [was] modified." On June 16, 2016, the trial court signed an order "in all things" vacating the May 2016 modified injunction. Soon thereafter, we sent a letter to the parties informing them that because the modified injunction had been vacated, the appeal appeared to be moot. We informed the parties that unless any of them filed a response showing grounds for continuing the appeal, we could dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Appellants responded to our letter by contending that because the trial court had vacated the modified injunction, the original temporary injunction "remain[ed] in place." Thus, appellants asked us to retain the appeal and decide its merits. Appellees contended that we should dismiss the appeal.

---

[2]*See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West Supp. 2015); Tex. R. App. P. 28.1(a); *Frequent Flyer Depot, Inc. v. Am. Airlines, Inc.*, 281 S.W.3d 215, 219 (Tex. App.—Fort Worth 2009, pet. denied), *cert. denied*, 559 U.S. 1036 (2010).

An amended or modified temporary injunction supersedes and implicitly vacates a prior temporary injunction.[3] *See Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 687–88 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Smith v. Smith*, 681 S.W.2d 793, 797 (Tex. App.—Houston [14th Dist.] 1984, no writ); *see also Martin Kroesche Enters., Inc. v. Hilpold*, No. 13-11-00404-CV, 2012 WL 2609102, at *3 (Tex. App.—Corpus Christi July 5, 2012, no pet.) (mem. op.) ("When a trial court modifies a temporary injunction, the second order is a complete injunction in and of itself, thus superseding the original."); *Price Constr., Inc. v. Castillo*, 147 S.W.3d 431, 441 (Tex. App.—San Antonio 2004, pet. denied) (op. on reh'g) ("Any change in a judgment made during the trial court's plenary power is treated as a modified or reformed judgment that implicitly vacates and [supersedes] the prior judgment, unless the record indicates a contrary intent."). Such a modified injunction renders a prior injunction ineffectual. *See B. & M. Mach. Co. v. Avionic Enters.*, 566 S.W.2d 901, 902 (Tex. 1978) ("[T]he second judgment reformed and, in effect, vacated the first judgment."); *Price Constr., Inc.*, 147 S.W.3d at 441; *Anderson v. Teco Pipeline Co.*, 985 S.W.2d 559, 562 (Tex. App.—San Antonio 1998, pet. denied).

---

[3]Nothing within the trial court's June 16, 2016 order vacating the modified temporary injunction expresses intent to revive the original temporary injunction. Appellants have cited no authority for the proposition that when a modified injunction is vacated, the original injunction is revived, nor have we located any such authority.

Therefore, neither the original temporary injunction, which was implicitly vacated, nor the modified temporary injunction, which the trial court explicitly vacated, may serve as live, appealable orders.  We therefore dismiss the appeal as moot.  *See* Tex. R. App. P. 43.2(f); *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *Momentum Capital Funding, LLC v. Dill*, No. 04-16-00039-CV, 2016 WL 3031059, at *1 (Tex. App.—San Antonio May 25, 2016, no pet.) (mem. op.); *Reeves v. City Of Dallas*, 68 S.W.3d 58, 60 (Tex. App.—Dallas 2001, pet. denied).

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  August 4, 2016

4